No. 87-181

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA,

          Plaintiff and Respondent,

-vs-

DONALD ALLEN KINNEY, JR.,

          Defendant and Appellant.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. Dirk Beccari, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
John Paulson, Asst. Atty. General, Helena
Robert Deschamps, III, County Attorney, Missoula,
Montana; Betty T. Wing, Deputy County Atty., Missoula

_____

Submitted on Briefs: Dec. 31, 1987

Decided: February 10, 1988

Filed: FEB 1 0 1988

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant/appellant Donald A. Kinney (Kinney) appeals his conviction by jury and judgment by the Fourth Judicial District Court, Missoula County, on the offense of driving under the influence (DUI) pursuant to § 61-8-401, MCA et seq. Kinney claims he was unfairly prejudiced by the State's introduction into evidence of prior convictions of DUI. We affirm.

The only issue we have before us is whether the District Court erred in allowing the State to introduce evidence of Kinney's prior convictions for DUI.

We initially note that appellant has included only a partial transcript on this appeal. There is no notice in the file as required pursuant to Rule 9(b), M.R.App.P. We are limited on the facts in this review because of lack of information concerning the circumstances of the arrest. Further, the partial transcript causes problems in determining the issue at bar, admissibility of the prior convictions, due to a lack of the District Court's substantive rulings.

According to the information filed February 20, 1986, Kinney was charged with three counts. Count I charged Kinney with the offense of DUI, third or subsequent offense, a high misdemeanor under § 61-8-401, MCA; Count II charged him with operating a motor vehicle with improper license plates pursuant to § 61-3-301, MCA; and Count III charged Kinney with operating a motor vehicle with a revoked driver's license under § 61-5-212, MCA.

The affidavit and motion for leave to file information stated that Missoula County Deputy Steve Peterson stopped

2

Kinney for speeding on January 25, 1986. Peterson smelled alcohol on Kinney's breath and requested performance of a number of field sobriety tests which Kinney failed. Kinney was arrested and taken to the police department for processing. He refused a blood alcohol test. When asked if he had been drinking, Kinney replied that he had. When asked if he was "under the influence," he stated, "naturally."

At an April 3, 1986 omnibus hearing, the State gave Kinney notice that it intended to introduce evidence of previous convictions pursuant to Rule 404, M.R.Evid. A checklist at the omnibus hearing required the State to file formal notice as required under State v. Just (1979), 184 Mont. 262, 602 P.2d 957, by April 18, 1986. This notice was never filed and on November 20, 1986, the District Court granted Kinney a motion in limine disallowing the State from introducing any evidence of the prior convictions.

Kinney originally entered a plea of not guilty to all three counts but changed the plea to guilty on all counts except driving under the influence on November 20, 1986. Trial occurred November 20 and 21, 1986. At trial, the following testimony was elicited from Kinney:

> [On direct examination by defense counsel]:
>
> Q. Are you familiar with the term "under the influence," Mr. Kinney?
>
> A. I am now, yes.
>
> . . .
>
> Q. I'm going to ask you the critical question. Were you under the influence of alcohol at the time you were arrested?
>
> A. I don't believe so.

Q. You're quite sure?

A. Yes.

. . .

Q. Do you recall when I was talking to the jury earlier and I explained the difference between "under the influence" or "having one drink and driving under the influence?"

A. Yes.

Q. When the officer asked you if you were under the influence, were you or were you not assuming that "under the influence" meant just having a sip of beer?

[Prosecutor]: Objection, leading the witness, Your Honor.

[The court]: Sustained. Rephrase your question.

Q. [Defense Counsel]: Why did you tell the officer you were under the influence, when obviously from your testimony, you did not have very many beers?

A. Well, I didn't understand what "under the influence" meant. I thought even if you took like a teaspoon full of alcohol, you'd be under the influence since you had the alcohol in your system.

. . .

[On cross-examination, Kinney testified as follows]:

. . .

Q. [Prosecutor] I guess I will rephrase may question and ask you to answer my

4

question. My question is you just testified you do not understand the term, "under the influence." My question to you is, is that the reason why you answered the officer in response to his question, "Naturally?"

A. Yes.

[Defense Counsel]: Your Honor, I think he should be allowed to explain that question more. The first time [the prosecutor] asked that he had begun to answer by explanation.

[The court]: Did you have more of an answer you wanted to give?

A. Yes. The reason I answered, "Naturally," is because the previous question was, "Had I been drinking?" And the next question was, "Was I under the influence?" And I didn't understand what the term meant, so I said, "Naturally."

. . .

Q. [Prosecutor]: Mr. Kinney, your testimony has been that you don't understand the meaning of "under the influence of alcohol," is that correct?

A. I didn't at the time, I do now.

Q. Mr. Kinney, isn't it also true that you have two prior convictions before this incident for driving under the influence of alcohol?

A. Yes.

[No objection was made to the question and there was no motion to strike the answer.]

5

The general rule is that failure to timely object or make a motion to strike does not preserve the record for claiming error on appeal. Rule 103, M.R.Evid., states that "[e]rror may not be predicated upon a ruling which admits evidence unless . . . a timely objection or motion to strike appears of record . . . " See, Clark v. Norris (Mont. 1987), 734 P.2d 182, 188, 44 St.Rep. 444, 450; Poindexter & Orr etc. Co. v. Oregon R.R. Co. (1905), 33 Mont. 338, 83 P. 886.

As evidenced in the partial transcript, however, the District Court, on the following day of trial, let defense counsel object on the record to the questioning regarding the prior convictions. Due to the ruling of the District Court we will consider the evidence as if the objection had been timely made.

At the close of the trial, the District Court properly instructed the jury on prior convictions:

> The State has offered evidence that the defendant at another time engaged in other crimes. That evidence was not admitted to prove the character of the defendant in order to show he acted in conformity therewith. The only purpose of admitting that evidence was to show knowledge or absence of mistake or accident. You may not use that evidence for any other purpose.

Kinney claims the District Court erred when it allowed questioning regarding the prior DUI conviction evidence because it was inadmissible under Rule 609, M.R.Evid., and the State violated the notice requirements of State v. Just, supra. Kinney claims his character was degraded in contravention of § 26-2-302, MCA, when the prosecutor asked him about his prior DUI convictions. This statute is cross-referenced with Rule 609, M.R.Evid., which states:

6

"For purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is not admissible."

Rule 404(b), M.R.Evid., also deals with the question of when prior conviction evidence is admissible. It states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. (Emphasis added.)

Prior conviction evidence is generally admissible in two ways. The first, requires compliance with the standards set out in State v. Just, supra. Alternatively, however, when the defendant puts before the jury the issue of his character or misguides the jury by statements of his good moral attributes, he "opens the door" and the prosecution may introduce evidence of prior crimes, wrongs or acts.

We have stated that the trial court has wide discretion in determining whether previous conviction evidence should be allowed. Absent an abuse of discretion, the Court will not overturn a District Court's weighing of the danger of prejudice to the defendant against the probative value of the prior conviction evidence. Rule 403, M.R.Evid.; State v. Pease (Mont. 1986), 724 P.2d 153, 162, 43 St.Rep 1417, 1428; State v. Austad (1982), 197 Mont. 70, 83, 641 P.2d 1373, 1380.

In Austad, supra, we affirmed the District Court when it allowed evidence of a previous conviction even though the strict procedure of Just was not followed. The defendant in Austad, stated that he would not have committed the crime of

7

burglary because it was not in his nature. The prosecution then presented evidence that the defendant had indeed previously been convicted of burglary. We stated that despite the defendant's answer being elicited from the State, the pertinent trait of the defendant's character was thrust before the jury and therefore the defendant's statement came "[w]ithin the exception of Rule 404(a)(1), and open[ed] the door for the State to present rebuttal evidence of a pertinent trait of the character of the accused." Austad, 641 P.2d at 1383.

The defendant in Austad primarily relied on Rule 609, M.R.Evid., just as Kinney is in this case. Under the facts of this case, Rule 404(b) is also applicable.

> Here, the evidence of defendant's prior felony conviction was admitted to prove not that defendant committed the crimes of which he was charged, but that defendant lied under oath.

Austad, 641 P.2d at 1384.

In the instant case, the evidence was not presented by the State to prove that, because Kinney had previously committed the offense of DUI that he would commit it again, but instead the previous crime evidence was allowed to prove that he had knowledge of what "under the influence" meant. As we said in Austad, this type of case falls outside of Rule 609 and the strict procedural requirements of Just, supra, and its progeny of case law.

> Here, on cross-examination, defendant answered a question with an unnecessary, self-serving statement which he knew to be untrue, intended to place him in a better light with the jury.

<u>Austad</u>, 641 P.2d at 1384.

We stated that Austad's testimony "open[ed] the door" for the state to present rebuttal evidence. The testimony in this case shows Kinney also made statements which were self-serving and placed him in a better light with the jury on direct examination. Specifically, when Kinney said he was not familiar with the term "under the influence" at the time of the arrest and did not believe he was under the influence when he was arrested, he opened the door to evidence of the previous DUI convictions.

Once the issue is presented to the jury by the defendant, the prosecution may introduce evidence of prior crimes. In State v. Wilson (Mont. 1981), 631 P.2d 1273, 1277, 38 St.Rep. 1040, 1044, we stated:

> If [a defendant in a criminal case] takes the stand and testifies in his own defense, his credibility may be impeached and his testimony assailed like that of any other witness, and the breadth of his waiver is determined by the scope of relevant cross-examination. "[H]e has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts." . . . Brown v. United States (1958), 356 U.S. 148, 154-155, 78 S.Ct. 622, 626, 2 L.Ed.2d 589, 596-597.

Kinney's statements fall precisely under the exception stated in Rule 404(b) that prior crimes can be presented to prove defendant's <u>knowledge</u>. Having been convicted of DUI on a number of prior occasions, Kinney undoubtedly had knowledge of what "under the influence" encompassed. In his testimony, Kinney attempted to misguide the jury by claiming he did not understand the term.

When a defendant understands the intricacy of proving a legal term of art and attempts through his own testimony to subvert proof of this element, he has clearly shown knowledge. There is no question that Kinney's knowledge was relevant in this case and fell into the category of exceptions stated in 404(b).

Under the facts of this case, we hold that the District Court did not abuse its discretion by allowing evidence of the prior DUI convictions.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices