NO.  95-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

ROWDY DANE ANDERSON, a/k/a
ROWDY DANE BROCK,

    Defendant and Appellant.

FILED

MAR 8 - 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Loren J. O'Toole, II, O'Toole & O'Toole, Plentywood,
Montana

    For Respondent:

        Joseph P.  Mazurek, Attorney  General,  Micheal
Wellenstein, Assistant Attorney General, Helena,
Montana; Steven Howard, Sheridan County Attorney,
Plentywood, Montana

Submitted on Briefs:  December 21, 1995

Decided:  March 8, 1996

Filed:

Justice James C. Nelson delivered the Opinion of the Court.

Appellant Rowdy Dane Anderson a/k/a Rowdy Dane Brock, appeals his conviction of issuing a bad check as part of a common scheme, a felony. We affirm.

The sole issue presented for review is:

Did the District Court abuse its discretion by admitting evidence of other crimes?

Background Facts

On October 14, 1994, Appellant opened a checking account with Security State Bank in Plentywood, Montana. Appellant represented to a bank employee that he would make an initial deposit of $70 into his account. However, that deposit was never made.

Appellant began to write checks the same day he opened his account. Over the next three weeks, Appellant wrote checks totalling more than $600, yet the only deposit received by the bank was for $54.86 on October 31, 1994. At trial, Appellant admitted that he knew when he wrote the checks that there was no money in his account. He also claimed that he deposited a money order for $450 into the night depository at the bank on October 25, 1994, however, the bank was unable to locate any deposit for that amount.

On December 1, 1994, the State charged Appellant with one count of issuing a bad check as part of a common scheme, a felony, in violation of § 45-6-316, MCA. At the February 1, 1995 omnibus hearing, the State informed Appellant that it would rely on other crimes evidence at trial. That same day the State filed a notice with the District Court wherein the State specified that the other

2

crimes evidence it intended to introduce at trial related to Appellant's February 15, 1994 conviction in Meagher County of issuing a bad check as part of a common scheme.

The other crimes evidence was admitted at the March 8, 1995 trial over the objections of Appellant's counsel. Appellant's probation and parole officer was allowed to testify regarding Appellant's prior conviction. The District Court instructed the jury on the purpose of the other crimes evidence prior to the parties making their opening statements and again at the time the other crimes evidence was admitted. In its final instructions to the jury, the court once again related the purpose of the other crimes evidence.

Appellant was found guilty of issuing a bad check as part of a common scheme. The District Court declared Appellant a persistent felony offender and sentenced him to 20 years in Montana State Prison with 15 years suspended.

## Discussion

Did the District Court abuse its discretion by admitting evidence of other crimes?

The District Court admitted the evidence of Appellant's other crimes over the objections of Appellant's counsel and permitted the state probation and parole officer to testify regarding the other crimes evidence. Appellant contends that the introduction of his previous crime in Meagher County through the state probation and parole officer was so highly prejudicial that the judgment should be reversed.

3

The standard of review for evidentiary rulings is whether the District Court abused its discretion. State v. Pace (1995), 272 Mont. 464, 466, 901 P.2d 557, 559 (citing State v. Keys (1993), 258 Mont. 311, 314, 852 P.2d 621, 623). The District Court has broad discretion to determine whether evidence is relevant and admissible, and absent a showing of an abuse of this discretion, the court's determination will not be overturned. Pace, 901 P.2d at 559.

Rule 404(b), M.R.Evid., governs the admissibility of evidence of other crimes, wrongs or acts:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In State v. Just (1979), 184 Mont. 262, 602 P.2d 957, we required the State to meet four requirements before introducing evidence of other crimes, wrongs or acts. Subsequently, in State v. Matt (1991), 249 Mont. 136, 814 P.2d 52, we modified these requirements.

This modified *Just* rule found in <u>Matt</u> sets forth the basis for the admission of evidence of other crimes, wrongs or acts as referred to and described in Rules 404(b) and 403, M.R.Evid.:

> (1) The other crimes, wrongs or acts must be similar.
> (2) The other crimes, wrongs or acts must not be remote in time.
> (3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation,

4

plan, knowledge, identity, or absence of mistake or accident.
(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Matt, 814 P.2d at 56.

We examine each of the four requirements and apply them to the case before us. First, we determine if the crimes were sufficiently similar in nature. The crime Appellant was charged with in the instant case is exactly the same as the crime he was convicted of in 1994, issuing bad checks as part of a common scheme. Consequently, the prior crime was not only similar, it was identical.

Second, we determine if the previous crimes were too remote in time to be admissible. The previous crimes were committed in October and November 1993, one year prior to the commission of the current charged offenses. This Court recently stated that three years is not so remote in time as to bar the admission of other crimes evidence when the acts are substantially similar. State v. Brogan (1995), 272 Mont. 156, 166-67, 900 P.2d 284, 290-91. Therefore, one year is not so remote in time as to bar the admission of the other crimes evidence in the instant case.

Third, we determine if the evidence of other crimes was admitted for one of the purposes set forth in Rule 404(b), M.R.Evid. Appellant's counsel contended in his opening statement that the bank lost Appellant's deposit of $450 and that it was not Appellant's intent to write checks without sufficient funds in his

5

account.  The State contends that it introduced the evidence of other crimes to demonstrate that Appellant knew there was no money in his account when he wrote the checks and to show that it was not mistake or accident that caused the checks to bounce.  Intent, knowledge  and absence of mistake or  accident are permissible purposes for admitting other crimes evidence.  Rule 404(b), M.R.Evid.; Matt, 814 P.2d at 56.

Fourth, we determine if the probative value of the prior crime evidence was substantially outweighed by the danger of unfair prejudice.  It is inevitable that the introduction of evidence of a prior crime will have some prejudicial effect on a defendant. State v. Brooks (1993), 260 Mont. 79, 84, 857 P.2d 734, 737. However, when the prior crime evidence meets the first three elements of the modified *Just* rule, the prior crime evidence necessarily carries great probative weight.  Brooks, 857 P.2d at 737 (citing State v. Eiler (1988), 234 Mont. 38, 51, 762 P.2d 210, 218).  Here, Appellant has not established the existence of more than the "inevitable" amount of prejudice resulting from the use of prior crime evidence.  Thus, after weighing the probative value of the prior crime evidence against the prejudice to Appellant, and taking into consideration the satisfaction of the first three requirements  of the modified Just rule, we hold that, in the instant case,  the probative value of the prior crime evidence outweighs the danger of unfair prejudice to Appellant.

Additionally, certain procedural protections were established in Just and clarified in Matt.  These protections include:

6

(1) Evidence of other crimes, wrongs or acts may not be received unless there has been written notice to the defendant that such evidence is to be introduced. The notice to the defendant shall specify the evidence of other crimes, wrongs or acts to be admitted, and the specific Rule 404(b) purpose or purposes for which it is to be admitted.
(2) At the time of the introduction of such evidence, the trial court shall explain to the jury the purpose of such evidence and shall admonish it to weigh the evidence only for such purposes.
(3) In its final charge, the court shall instruct the jury in unequivocal terms that such evidence was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment.

*Matt*, 814 P.2d at 56.

In the case before us on appeal, the State gave written notice to Appellant that it intended to introduce evidence of Appellant's 1994 conviction for issuing bad checks. Furthermore, at the time the State introduced this evidence, the District Court explained to the jury the purpose for which the evidence was being admitted and admonished the jury to weigh the evidence only for that purpose. The court instructed the jury that Appellant was not being tried for and could not be convicted of any offense except that with which he was charged. The court warned the jury that to convict Appellant for other offenses may result in unjust double punishment. Thus, we hold that the District Court followed the procedural requirements of the modified *Just* rule in this case.

Appellant also argues that the introduction of the other crimes evidence through Appellant's probation and parole officer prejudiced the jury and that the introduction of a prior conviction was unnecessary because it did not rebut or counter any claim of

7

mistake or accident and that it did not show any plan, prove any motive or show any knowledge. However, while Appellant did generally object to the admission of the other crimes evidence and to the State's first witness testifying that he was Appellant's probation and parole officer, Appellant did not raise a specific objection to the State introducing the other crimes evidence through its first witness or to the State introducing the other crimes evidence in its case-in-chief. This Court has long held that it will not address an alleged error that is deemed waived by lack of timely objection at trial. Section 46-20-104(2), MCA; State v. Cooney (1995), 271 Mont. 42, 47, 894 P.2d 303, 306.

Moreover, Appellant's argument fails to consider that the State, during its case-in-chief, had the burden of proving each element of the charged offense. There is no rule requiring the State to wait until rebuttal to present evidence proving the elements of the charged offense. Appellant's comments in his opening statement to the jury regarding a lost deposit were sufficient to entitle the State to present the other crimes evidence and the order in which the State presented this evidence is of no consequence.

Accordingly, we hold that the District Court did not abuse its discretion by admitting evidence of Appellant's prior conviction for issuing bad checks.

Affirmed.

_____
Justice

We Concur:

_____
Karla M. Gray

_____
William E. Hunt

_____

_____
W. William Leaphart
Justices