No. 99-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 167

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRIAN DOBSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,

In and for the County of Musselshell,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Assistant Appellate Defender, Appellate Defender

Office, Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Mark W. Mattioli,

Assistant Attorney General, Helena, Montana

John Bohlman, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: March 9, 2000
Decided: August 23, 2001

Filed:

_____

Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1 Brian Dobson (Dobson) appeals from the Judgment and Sentence entered by the Fourteenth Judicial District Court, Musselshell County, on a jury verdict finding him guilty of four counts of sexual intercourse without consent. We affirm in part, reverse in part and remand for a new trial.

¶2 Dobson raises the following issues:

¶3 1. Did the District Court abuse its discretion when it permitted the prosecution to question Dobson about his offensive behavior during arrest, but limited his testimony regarding the animosity between himself and local authorities?

¶4 2. Did the District Court abuse its discretion when it instructed the jury that Dobson previously was charged with the offense of sexual intercourse without consent with a fifteen-year-old girl?

¶5 3. Did the District Court commit plain error by failing to instruct the jury, *sua sponte*, that a unanimous verdict was required on at least one specific underlying act of sexual intercourse without consent not contained in Counts I through III to convict Dobson on Count IV?

BACKGROUND

¶6 The State of Montana (State) charged Dobson by information with four counts of felony sexual intercourse without consent and three counts of felony criminal sale of dangerous drugs. The charges stemmed from Dobson's intimate relationship with S.G., who was fifteen years old at the time and, as a result of her age, legally incapable of consenting to sexual intercourse. Counts I through IV alleged Dobson had sexual

intercourse without consent with S.G. multiple times between October of 1997 and February of 1998. Count V alleged Dobson gave S.G. marijuana between August of 1997 and October 31, 1998, and Count VI alleged Dobson gave her methamphetamine between December 25, 1997 and January 10, 1998. Count VII was dismissed on the State's motion prior to trial.

¶7 After a three-day trial in November of 1998, the jury acquitted Dobson of the two drug charges and found him guilty of all four counts of sexual intercourse without consent. The District Court entered Judgment and Sentence and Dobson, represented by new counsel, appeals.

## DISCUSSION

**¶8 1. Did the District Court abuse its discretion when it permitted the prosecution to question Dobson about his offensive behavior during arrest, but limited his testimony regarding the animosity between himself and local authorities?**

¶9 Dobson testified on his own behalf at trial and, during cross-examination, the State asked him to testify regarding his offensive behavior toward law enforcement officers at the time of his arrest. Defense counsel objected on relevance grounds, but the District Court overruled the objection. Dobson asserts error in the court's determination to admit the testimony. He also suggests the District Court compounded the error by limiting his redirect testimony regarding his contentious relationship with local law enforcement.

¶10 The State responds that Dobson opened the door to the evidence about which he now complains by introducing testimony that he and his father would have cooperated with a search warrant for his premises or automobile at the time of his arrest if a warrant had been presented. The State urges that Dobson's testimony was admissible to rebut his testimony that he would have cooperated with a warrant. We agree.

¶11 During the defense case-in-chief, Dobson introduced testimony to the effect that he was cooperative toward law enforcement. Dobson lived in an outbuilding on his father's premises at the time and Dobson was with his father when arrested. Dobson's father testified as follows regarding the arrest:

> Q. Was it a total surprise that Brian was being arrested to you and to Brian?
>
> A. Yeah. We didn't know what they was coming in there for, no idea.

Q. So, if a search warrant had been present, would you have ushered them straight over to Brian's outbuilding, the refurbished barn, to let them search through it?

A. If they had a search warrant[,] they could search whatever they wanted. I had no problem with it.

Dobson also testified on his own behalf that he would have cooperated with a search warrant:

Q. Were you surprised to be arrested?

A. Yes, I was.

Q. Would you have tried to oppose any search warrant in any way to search your residence or your truck?

A. Not a search warrant.

The testimony of Dobson and his father implied that Dobson was a peaceful and cooperative citizen who would have complied with the assertion of law enforcement authority.

¶12 On cross-examination, the State sought to respond to the testimony that Dobson would have cooperated with a search warrant:

Q. Now, you said that you would not have resisted a search warrant at the time you were arrested?

A. No.

Q. How did your arrest go?

Over defense counsel's objection, the State then asked Dobson to repeat a profanity he had directed at an arresting officer and to discuss the details of his arrest. Dobson repeated the profanity and testified he resisted the arrest. He also recounted that, after being handcuffed, he spread mud over the back seat of the patrol car with his feet and then refused to sit in the mud. ¶The District Court determined the

¶13 Testimony introduced by the State was necessary to rebut the defense testimony that Dobson would ave cooperated with a search. Whether evidence is relevant and admissible is left to the sound discretion of the district court and the determination will not be overturned on appeal absent an abuse of that discretion. *State v. Lancione*, 1998 MT 84, ¶ 20, 288 Mont. 228, ¶ 20, 956 P.2d 1358, ¶ 20. Moreover, a defendant does not have a right to offer an unnecessary, self-serving statement, intended to place him in a better light with the jury, without laying the statement open to cross-examination. *See, e.g., State v. Kinney* (1988), 230 Mont. 281, 285-87, 750 P.2d 436, 438-39.

¶14 In *Kinney*, for example, the defendant was arrested for driving under the influence of alcohol (DUI). While in custody, a police officer asked if he was under the influence, to which he responded: "Naturally." *Kinney*, 230 Mont. at 282, 750 P.2d at 436-37. At trial, he testified he did not understand what the term "under the influence" meant at the time of his arrest, but stated at that time that he believed it to mean having consumed *any* amount of alcohol. He further testified that he no longer believed he was under the influence of alcohol when he was arrested. In response, the State introduced evidence that Kinney had been convicted of DUI twice previously. *Kinney*, 230 Mont. at 283-84, 750 P.2d at 437-38. Although the evidence of the prior convictions was otherwise inadmissible under the facts of that case, we concluded Kinney had opened the door to such evidence by offering self-serving testimony intended to place him in a better light with the jury. *Kinney*, 230 Mont. at 285-87, 750 P.2d at 438-39.

¶15 In the present case, we conclude Dobson similarly opened the door to testimony about his behavior during arrest when he introduced testimony that he would have cooperated with a search warrant. The State was entitled to rebut, on cross-examination, Dobson's implication that he was peaceful and cooperative toward law enforcement with evidence that he was not. The State created a sufficient nexus between his direct testimony and his behavior during the arrest when it asked Dobson whether, "from the actions concerning your arrest, [is] there any way anyone would have assumed you would have cooperated in a search?"

¶16 Dobson relies on *Lancione* in arguing the testimony regarding the circumstances surrounding his arrest was not relevant. In *Lancione*, an acquaintance of the defendant testified for the prosecution that, 15 minutes before Lancione assaulted his business partner, he was uncharacteristically sloppily dressed and, as he crossed an intersection with the witness, he deliberately walked slowly in an attempt to "piss [a] truck driver off."

*Lancione*, ¶¶ 15-16. On appeal, the prosecution argued this testimony reflected Lancione's hostile state of mind immediately prior to the assault. *Lancione*, ¶ 18. We disagreed, concluding the testimony was not relevant under Rule 401, M.R.Evid., because it did not directly relate to the incident between Lancione and the alleged victim of the assault. *Lancione*, ¶ 21.

¶17 *Lancione* is not applicable here. We agree Dobson's behavior at the time of his arrest was not directly related to the issues before the jury, which were whether Dobson had sexual intercourse with S.G., knew S.G.'s age and gave drugs to S.G. On a stand-alone basis, Dobson's cross-examination testimony about the details of his arrest does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable . . . ." Rule 401, M.R.Evid. However, in *Lancione*, the testimony in question was not offered in response to testimony by the defense. Thus, in *Lancione*, unlike *Kinney* and the present case, there was no issue involving an open door through which the State was entitled to walk.

¶18 Dobson also suggests on appeal that the District Court did not give him an adequate opportunity to rehabilitate himself on redirect after his cross-examination testimony regarding the circumstances surrounding his arrest. We disagree.

¶19 A district court has wide latitude in controlling the scope and extent of examination at trial. *State v. Veis*, 1998 MT 162, ¶ 19, 289 Mont. 450, ¶ 19, 962 P.2d 1153, ¶ 19. A close review of the record before us here reveals that the District Court allowed Dobson to spend as much, if not more, time testifying about the hostility between himself and law enforcement as he did testifying about the details of his arrest. He testified he felt local law enforcement targeted, harassed and abused him and officers followed him around town, looked for his car, and maced his dog on one occasion. He also testified that he was arrested once in 1995 and beaten by the arresting officer. He identified a bagful of his hair, which allegedly had been pulled out by an officer during the 1995 arrest, as well as pictures of himself with bruises and lacerations purportedly incurred during the arrest. The District Court denied defense counsel's motion to admit the bag of hair and pictures into evidence and then ended the line of questioning without objection from Dobson.

¶20 The District Court clearly gave Dobson an opportunity to rehabilitate himself and countermand any prejudice which may have resulted from the cross-examination testimony at issue. On this record, we conclude the court did not abuse its discretion in controlling the scope or extent of Dobson's redirect examination. *See Veis*, ¶ 19.

¶21 We hold, therefore, that the District Court did not abuse its discretion when it permitted the State to question Dobson about his behavior during arrest or when it limited his redirect testimony regarding the animosity between himself and local authorities.

**¶22 2. Did the District Court abuse its discretion when it instructed the jury that Dobson was previously charged with the offense of sexual intercourse without consent with a fifteen-year-old girl?**

¶23 During pretrial proceedings, the State filed a "Notice of State's Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts," pursuant to *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957, *State v. Matt* (1991), 249 Mont. 136, 814 P.2d 52, and the notice requirements of § 46-13-109, MCA. The evidence to be introduced was that Dobson previously had been charged with sexual intercourse without consent with a fifteen-year-old girl. The State's purported purpose in introducing the evidence, under Rule 404(b), M.R.Evid., was "for proof of knowledge or the absence of mistake or accident[.]" In other words, the State intended the evidence to establish Dobson's knowledge that someone under the age of sixteen could not legally consent to sexual intercourse. Its purported theory for doing so was that Dobson could claim he was not aware of the law in this regard and, therefore, did not act knowingly.

¶24 Instead of specifically objecting to the introduction of other crimes evidence, Dobson's counsel offered to stipulate that Dobson knew it was a crime to have sexual intercourse with someone under the age of sixteen. The State objected that Dobson should not be allowed to stipulate away its case and urged that the jury instructions contain details of the prior charge.

¶25 The parties offered competing instructions on the subject. The District Court rejected Dobson's proposed instruction, which stated as follows:

> The Defendant, Brian Dobson, has knowledge of the law which states that sexual intercourse with a person under 16 years of age is wrongful, because Brian Dobson has been involved in a situation where he was questioned about the law in the past.

It also rejected the following instruction proposed by the State:

> You are instructed that the Defendant was charged in 1994, in Meagher County, Montana, for Sexual Intercourse Without Consent, a Felony, committed against a 15

year old victim, C.D., on or about October 2, 1994, and that said charge was later reduced to a misdemeanor. You are instructed that in a sworn deposition given by the Defendant in a civil case on December 2, 1997, that the Defendant stated under oath that the Defendant did in fact have sexual intercourse with the victim C.D. on or about October 2, 1994, and that the Defendant was charged with a felony for the reason that the victim was under the age of 15 years old at the time of the sexual intercourse and that the Defendant was either 20 or 21 years old at that time.

You are instructed that the Defendant has requested that this instruction be offered rather than the State of Montana presenting testimony of witnesses regarding this incident.

You are instructed that this evidence can not [sic] be taken by you as evidence of the Defendant's character in order to show that the Defendant acted in conformity with that character. The evidence presented in this instruction is only to be used for proof of knowledge that it is a felony crime for an individual to have sexual intercourse with anyone under the age of 16 years, and to prove absence of a mistake or accident on the part of the Defendant.

The Defendant is not being tried for that other wrong act that occurred in Meagher County, Montana. He may not be convicted for any offense other than those charged in this case.

The District Court ultimately fashioned and gave the following instruction before opening and closing statements:

You are instructed that the Defendant was charged in 1994, in Meagher County, Montana, for Sexual Intercourse Without Consent, a Felony, committed against a 15 year old victim, C. D., and that said charge was later dismissed pursuant to a plea agreement. Thus[,] the Defendant, Brian Dobson, has knowledge of the law which states that sexual intercourse with a person under 16 years of age is wrongful.

You are instructed that this evidence can not [sic] be taken by you as evidence of the Defendant's character in order to show that the Defendant acted in conformity with that character. The evidence presented in this instruction is only to be used for proof of knowledge that it is a felony crime for an individual to have sexual intercourse with anyone under the age of 16 years.

The Defendant is not being tried for the other wrong act that occurred in Meagher County, Montana. He may not be convicted for any offense other than those charged in this case.

¶26 On appeal, Dobson initially takes the position that his trial counsel did not object to the introduction of evidence of the prior charge, but contends the instruction set forth above violated his due process rights and should be reviewed under the common law doctrine of plain error set forth in *State v. Finley* (1996), 276 Mont. 126, 915 P.2d 208. The State responds, pursuant to *State v. Grimes*, 1999 MT 145, 295 Mont. 22, 982 P.2d 1037, that by offering a jury instruction which did not contain the facts of the prior charge, Dobson adequately stated his objection to the introduction of evidence of the prior charge and, therefore, plain error review is inappropriate. In his reply brief, Dobson agrees the issue was properly preserved by his proposed instruction and argues the instruction given was improper pursuant to Rule 404(b), M.R.Evid.

¶27 In *Grimes*, we held that, "when a party proposes an instruction which is rejected by the trial court, that party has made a sufficient objection . . . and has no duty to make a further objection for the record." *Grimes*, ¶ 39. Dobson's proposed instruction stipulated that he knew it was illegal to have sexual intercourse with someone under the age of 16-- the State's purported purpose in offering the evidence--and specifically excluded the fact of the earlier charge of sexual intercourse without consent with a minor. Furthermore, after the instructions were settled, Dobson objected again, stating: "The defendant would have preferred to have his [instruction] so that would be the only objection there, Your Honor." We conclude Dobson's trial counsel raised the issue of the admissibility of the "evidence" contained in the instruction and, therefore, preserved the issue for appeal.

¶28 We turn, then, to Dobson's contention that the District Court's instruction regarding Dobson's prior charge of sexual intercourse without consent with a 15-year-old girl was erroneous pursuant to Rule 404(b), M.R.Evid. We review a district court's determination to admit other crimes evidence pursuant to Rule 404(b), M.R.Evid., for abuse of discretion. *See State v. Hart*, 2000 MT 332, ¶ 25, 303 Mont. 71, ¶ 25, 15 P.3d 917, ¶ 25.

¶29 Rule 404(b), M.R.Evid., provides generally that evidence of other acts may not used to prove a person's character in order to show that he or she acted in conformity with that character at the time in question. However, the evidence may be admissible for specified other purposes. We apply a four-part test for the admissibility of Rule 404(b) evidence:

(1) The other crimes, wrongs or acts must be similar.

(2) The other crimes, wrongs or acts must not be remote in time.

(3) The evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Matt, 249 Mont. at 142, 814 P.2d at 56. This test is commonly known as the Modified Just Rule. See State v. Rogers, 1999 MT 305, ¶ 25, 297 Mont. 188, ¶ 25, 992 P.2d 229, ¶ 25. In the present case, Dobson does not dispute that the first two criteria of the Modified Just Rule are met, but contends the disputed jury instruction did not meet the third and fourth criteria.*

¶30 With regard to the third criterion, the State's proffered purpose for offering the other crimes evidence was to establish knowledge or the absence of mistake or accident. Specifically, the State intended to prove that Dobson knew it was illegal to have sex with a 15-year-old girl. On the basis of the State's argument, and over the objection of defense counsel, the District Court instructed the jury that Dobson previously had been charged with sexual intercourse without consent with a 15-year-old girl. The court then provided the following admonition: "The evidence presented in this instruction is only to be used for proof of knowledge that it is a felony crime for an individual to have sexual intercourse with anyone under the age of 16 years."

¶31 At first blush, the State appears to have asserted permissible purposes--knowledge and absence of mistake or accident--for the admission of other crimes evidence pursuant to Rule 404(b), M.R.Evid. However, the State "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *See U.S. v. Mehrmanesh* (9th Cir. 1982), 689 F.2d 822, 830. "[M]erely reciting an allowable purpose is not sufficient if the evidence does not further that purpose or that purpose is not an issue in dispute." *State v. Weldy* (1995), 273 Mont. 68, 75, 902 P.2d 1, 5.

¶32 We previously have considered knowledge and absence of mistake or accident vis-a-vis the introduction of Rule 404(b) evidence. In *State v. Anderson* (1996), 275 Mont. 344, 347, 912 P.2d 801, 802, a defendant charged with writing bad checks argued that the bank had lost money he placed in the night depository and that he did not intend to write bad checks. The prosecution introduced--and the trial court admitted--evidence that the defendant recently had been convicted of a bad check-writing scheme in Meagher County to demonstrate that the defendant knew there was no money in his account when he wrote the checks at issue, and to show the checks did not bounce as the result of a mistake. *Anderson*, 275 Mont. at 347, 912 P.2d at 802. We concluded that evidence of the prior crime met the intent, knowledge and absence of mistake purposes for which the evidence was admissible under Rule 404(b). *Anderson*, 275 Mont. at 349, 912 P.2d at 804 (citations omitted).

¶33 Inherent in our decision in *Anderson*--and consistent with the overwhelming weight of authority--is the principle that other crimes evidence introduced to establish knowledge or absence of mistake or accident must have some tendency to prove the defendant's knowledge or awareness of a fact of consequence to the action. *See*, *e.g.*, 2 Weinstein's Federal Evidence § 404.22[2], at 404-87 - 404-92 (2d ed. 2001); 1 John W. Strong et al., McCormick on Evidence § 190(4), at 664-65 (5th ed. 1999); II Wigmore on Evidence § 30, at 238-39 (Chadborn ed. 1979). Anderson's awareness of a fact--his account balance--was relevant to the charges against him because he claimed as a defense that he believed there was money in his account. A jury could infer that a person who had recently been convicted of writing bad checks would more likely than not be aware of his account balance.

¶34 In the present case, the State's notice of intent to introduce Rule 404(b) evidence stated that such evidence would be introduced to establish knowledge or absence of mistake. The State then articulated the following evidentiary rationale for the introduction of evidence regarding Dobson's knowledge of the law regarding sexual intercourse without consent: "The Defendant could claim as a defense that the Defendant was not aware that someone under the age of 16 years could not give consent, and that therefore the Defendant did not 'knowingly' commit the offense." Pursuant to *Anderson*, the Rule 404(b) evidence in question was admissible to prove knowledge or absence of mistake or accident only if Dobson's knowledge of the law was a fact of consequence to the action. We conclude it was not.

¶35 First, the State neither establishes nor suggests, and the record does not reveal, that

Dobson ever asserted or expressed an intention to assert a defense that he did not know his conduct was illegal and, therefore, did not act knowingly. More importantly, such a defense could not be successfully advanced under Montana law. Dobson was charged with violating § 45-5-503(1), MCA, which provides: "A person who knowingly has sexual intercourse without consent with another person commits the offense of sexual intercourse without consent." Section 45-2-101(34), MCA, defines knowledge in pertinent part as follows: "[A] person acts knowingly with respect to conduct . . . described by a statute defining an offense when the person is aware of the person's own conduct . . . ." Furthermore, § 45-2-103(5), MCA, provides that "[k]nowledge that certain conduct constitutes an offense or knowledge of the existence, meaning, or application of the statute defining an offense is not an element of the offense unless the statute clearly defines it as an element." Such knowledge is not an element of the offense of sexual intercourse without consent, pursuant to § 45-5-503, MCA, with which Dobson was charged. Thus, Dobson's knowledge of the law that it is a felony offense to have sexual intercourse with someone under the age of 16 was not a fact of consequence to the action.

¶36 From the foregoing, we conclude the State has not articulated a permissible purpose for the introduction of the Rule 404(b) evidence at issue pursuant to the third criterion of the Modified *Just* Rule. *See Mehrmanesh*, 689 F.2d at 830. The State having failed to meet the third criterion, it is unnecessary to consider the fourth criterion. *See State v. Sweeney*, 2000 MT 74, ¶ 35, 299 Mont. 111, ¶ 35, 999 P.2d 296, ¶ 35. We hold the District Court abused its discretion when it admitted the Rule 404(b) evidence--via its jury instruction--that Dobson previously had been charged with sexual intercourse without consent with a minor. Consequently, Dobson is entitled to a new trial. *See Sweeney*, ¶¶ 35, 37.

¶37 **3. Did the District Court commit plain error by failing to instruct the jury,** *sua sponte***, that a unanimous verdict was required on at least one specific underlying act of sexual intercourse without consent not contained in Counts I through III to convict Dobson on Count IV?**

¶38 The State charged Dobson with sexual intercourse without consent alleged to have occurred on the following dates: Count I - October 31, 1997; Count II - January 16, 1998; and Count III - between February 1 and February 5, 1998. It charged him in Count IV with sexual intercourse without consent alleged to have occurred "on multiple occasions and exclusive of those instances charged in Counts I-III," between late November of 1997 and February 5, 1998.

¶39 The District Court instructed the jury it could convict Dobson on Count IV if the State proved the following elements beyond a reasonable doubt: (1) Dobson had sexual intercourse with S.G. "on or between Thanksgiving Day of November, 1997, and February 5, 1998;" (2) the act of sexual intercourse was without consent because S.G. was under the age of 16 years and legally incapable of consenting; and (3) Dobson acted knowingly. The court also gave the jury a separate, general instruction which provided, in pertinent part, as follows: "The law requires the jury verdict in this case to be unanimous. Thus, all twelve of you must agree in order to reach a verdict whether the verdict be guilty or not guilty."

¶40 Relying on *State v. Weaver*, 1998 MT 167, 290 Mont. 58, 964 P.2d 713, Dobson argues the District Court should have instructed, *sua sponte*, that, in order to convict on Count IV, the jury must unanimously agree that he engaged in at least one specific act of sexual intercourse not contained in Counts I through III. Because we remand above for a new trial on Counts I through IV, we need not address Dobson's contention that he was denied his constitutional right to a unanimous jury verdict with regard to Count IV. *See Sweeney*, ¶ 37.

¶41 Affirmed in part, reversed in part and remanded for a new trial.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER