No. 03-750

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 43N

STATE OF MONTANA,

   Plaintiff and Respondent,

  v.

BRIAN DOBSON,

   Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,
      In and for the County of Musselshell, Cause No. DC-98-06,
      The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

   For Respondent:

     Hon. Mike McGrath, Attorney General; Jim Wheelis,
     Assistant Attorney General, Helena, Montana

     Catherine Truman, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: June 8, 2004

Decided: February 22, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      We have determined to decide this case according to Section I, Paragraph 3(d)(i), Montana Supreme Court Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Pursuant to Section I, Paragraph 3(d)(v) of these rules, the following decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2      Brian Dobson ("Dobson") appeals from an Order entered on July 31, 2003, in the Fourteenth Judicial District Court, Musselshell County, revoking Dobson's suspended sentence. We affirm.

¶3      The following issues are addressed on appeal:

¶4      1. Did the District Court err in ordering Dobson, who was convicted of intimidation, to complete a sexual offender treatment program as a condition of his suspended sentence?

¶5      2. Did the District Court err in revoking Dobson's suspended sentence for his failure to complete sex offender treatment?

¶6      On March 16, 1998, Dobson was charged with four counts of felony sexual intercourse without consent against an underage female, and three counts of felony criminal sale of dangerous drugs. Dobson was convicted by a jury on all four counts of sexual intercourse without consent in November 1998.

¶7      On appeal, this Court reversed Dobson's conviction and remanded for a new trial in *State v. Dobson*, 2001 MT 167, 306 Mont. 145, 30 P.3d 1077.

¶8    Upon remand, the State filed an Amended Information charging Dobson with felony intimidation. On October 26, 2001, Dobson pled guilty pursuant to a plea agreement that required Dobson to complete sexual offender treatment. On February 20, 2002, the District Court sentenced Dobson to 1,319 days of incarceration with three years and one month suspended. Dobson completed the prison portion of the sentence and was discharged to the suspended sentence. The suspended sentence required Dobson to complete sexual offender treatment as a condition of probation.

¶9    On April 29, 2003, the State petitioned to revoke Dobson's probation. The Petition to revoke alleged that Dobson failed to comply with the treatment program because he was involved in a relationship with a woman who had a minor daughter and he was not living at his designated residence.

¶10    At the hearing, Dobson testified that he had been living at his designated residence and only moved out while the apartment was being remodeled. He also testified that he believed Shawn Abbott ("Abbott"), the clinical social worker who managed the sexual offender treatment program in which Dobson was enrolled, terminated him from the program because he was unable to pay for treatment for the two months he was not working due to a work-related injury. Dobson's employer testified that Dobson lived at the designated residence most of the time, and Dobson's father confirmed this.

¶11    Abbott testified that Dobson was terminated from the program because he failed to disclose that he had a girlfriend, as required by the program rules, and failed to complete the required homework assignments. Abbott denied that Dobson was terminated on the basis

3

he failed to pay for the treatment. Additionally, Dobson's probation officer testified that Dobson was not living at his designated residence, but was living in a trailer with his girlfriend.

¶12 The District Court revoked Dobson's suspended sentence on July 31, 2003, for failure to comply with the condition requiring him to complete sexual offender treatment. This appeal followed.

¶13 We review a District Court's decision to revoke a suspended sentence to determine if it was supported by a preponderance of the evidence, and if so, whether the District Court abused its discretion. *State v. Pederson*, 2003 MT 315, ¶ 8, 318 Mont. 262, ¶ 8, 80 P.3d 79, ¶ 8.

¶14 Relying on this Court's holding in *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11, Dobson argues that the probation condition requiring him to complete sexual offender treatment was illegal because the condition was not reasonably related to the crime of intimidation. The relationship between the condition requiring Dobson to complete sexual offender treatment, and the charge of intimidation is straight forward–Dobson was charged with intimidating a young female to have sex with him. There is a proper nexus between the condition imposed and the crime charged. Accordingly, the sentence imposed was not illegal.

¶15 Dobson also argues that he was kicked out of the sexual offender treatment program because he was unable to pay for the treatment, not because he violated the rules of the treatment program. Therefore, according to Dobson, the District Court erred because it

4

revoked his suspended sentence due to his indigence, not because he engaged in conduct which violated a condition of his probation.

¶16   Our review of the record indicates that there was sufficient evidence from which the District Court could conclude that Dobson had violated the conditions of his probation "by not complying with the conditions of the treatment program and by not making a good faith effort to complete the work required by the program."

¶17   On the face of the briefs and the record before us on appeal, it is manifest that the appeal is without merit.  The District Court correctly interpreted the legal issues before it in accordance with settled Montana law.

¶18   We affirm.


/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE