STATE OF NORTH CAROLINA v. LAMONT McKOY

No. 458A91

(Filed 25 June 1992)

**Criminal Law § 732 (NCI4th)— instructions—use of "tends to show"—no expression of opinion**

The trial court did not express an opinion on the evidence in a first degree murder trial when it instructed the jury that the evidence "tends to show" that defendant "admitted the facts charged" where the jury could reasonably find from the evidence that defendant had admitted to an officer by responding "I know" to the officer's statements that he shot the victim as the victim drove away in his car, and a further instruction made it clear that even though there was evidence tending to show that defendant had made an admission, it was solely for the jury to determine whether defendant in fact had made any admission.

**Am Jur 2d, Trial §§ 1104, 1191, 1194, 1204.**

**Propriety and prejudicial effect of federal judge's expressing to jury his opinion as to defendant's guilt in criminal case. 7 ALR Fed 377.**

APPEAL as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment entered by *Britt, J.,* on 2 May 1991 in the Superior Court, CUMBERLAND County. Heard in the Supreme Court on 10 February 1992.

*Lacy H. Thornburg, Attorney General, by Valerie B. Spalding, Assistant Attorney General, for the State.*

*Carlton E. Fellers for the defendant-appellant, Lamont McKoy.*

MITCHELL, Justice.

The defendant was tried upon a proper indictment charging him with murder. The jury found the defendant guilty of murder in the first degree. At the conclusion of a capital sentencing proceeding, the jury recommended a sentence of life imprisonment for the defendant. The trial court imposed the sentence pursuant to the jury's recommendation.

In his assignment of error, the defendant contends that the trial court committed reversible error by instructing the jury that the defendant had admitted facts relating to the crime charged. We find this contention without merit.

The State's evidence tended to show that on 25 January 1990, Bobby Lee Williams met Myron Hailey on Branson Street in Fayetteville. Hailey had about twelve or thirteen plastic "zip-lock" bags of "rock" cocaine in his hand. He showed these to Williams, who tasted one piece and realized that it was "beet"—imitation or fake cocaine.

Hailey and Williams proceeded to look for the person who had sold the fake cocaine to Hailey. Hailey saw the defendant and identified him as the seller. Williams knew the defendant and told him to return Hailey's money or give him real cocaine. The three men went behind a house, where an exchange of the fake cocaine for real cocaine was made between the defendant and Hailey.

Shortly after the three men had separated, Williams heard the sound of a gunshot coming from Bryan Street, where Hailey had left his car, and a voice saying "Don't do it. Don't do it." Williams saw a group of men running along a path towards Davis Street nearby. The defendant was in this group. Williams followed the men to Davis Street, where he saw the defendant pull out a pistol, aim it, and shoot. When the defendant fired the pistol, Williams saw sparks coming from the rear of Hailey's car. Williams then saw a female passenger in the car. He heard her scream, "Put your feet to the gas pedal," and saw her lean over as if to take the steering wheel. Williams saw the car weave down Davis Street and turn onto Hay Street.

Hailey was later found by the authorities slumped over in the car on the side of the road. There were bullet holes in the trunk of the car and in the rear left turn signal. Bullets had entered through the back of the vehicle, then passed through the back seat and through the front seat. Three bullets struck Hailey, with one going completely through his body causing his death.

In his assignment of error, the defendant contends that the trial court committed reversible error by expressing an opinion on the evidence when instructing the jury. The statutory prohibitions against expressions of opinion by the trial court are now contained in N.C.G.S. § 15A-1222 and N.C.G.S. § 15A-1232. *State*

*v. Hewett*, 295 N.C. 640, 247 S.E.2d 886 (1978); *State v. Whitted*, 38 N.C. App. 603, 248 S.E.2d 442 (1978). The language which relates to the defendant's assignment of error states that: "In instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved. . . ." N.C.G.S. § 15A-1232 (1988).

During its instructions to the jury in this case, the trial court stated:

> There is evidence which tends to show that the defendant has admitted the facts relating to the crime charged in this case. If you find that the defendant made that admission, then you should consider all the circumstances under which it was made in determining whether it was a truthful admission and the weight you will give to it.

The defendant argues that the trial court's statement that evidence "tends to show" that the defendant "admitted the facts relating to the crime charged" amounted to an impermissible expression of opinion on the evidence. We disagree.

A trial court's use of the words "tends to show" in reviewing the evidence does not constitute an expression of opinion on the evidence. *State v. Young*, 324 N.C. 489, 495, 380 S.E.2d 94, 97 (1989); *State v. Allen*, 301 N.C. 489, 272 S.E.2d 116 (1980). In *Young*, the trial court instructed the jury that evidence tended to show that the defendant had confessed that he committed the crime charged. 324 N.C. at 494, 380 S.E.2d at 97. This Court held that the instruction did not violate the prohibition against judicial expression of opinion as to what had been proven because it was qualified with the "tending to show" language. *Id.* at 495, 380 S.E.2d at 98. Further, the instruction was held proper in that case "because evidence had been introduced which in fact tended to show that the defendant had confessed." *Id.*

In the case at hand, the defendant was found guilty of first-degree murder under the felony murder rule. The underlying felony relied upon by the State was that the defendant had discharged a firearm into an occupied vehicle. The State presented evidence tending to show that after the defendant had been forced to exchange real cocaine for the "beet" he had sold to the victim, he followed the victim to his car and shot him as he began to drive away.

Officer Michael Ballard testified that on 9 March 1990 he had a conversation with the defendant. Ballard testified that:

I then stated the night you shot Myron Hailey, you did so because he ripped you off. McKoy replied with a smile on his face, "I know it." I stated that Hailey got into his car and started driving away, and he shot him, bamb, bamb. McKoy replied, "I know it." I then said you, Ant Lee, Cat, [and] Charmain ran through the path, came out the corner of Davis and Arsenal[. W]hen Hailey turned down Davis, you shot again, and Hailey started swerving from side to side. McKoy replied, "I know it."

If the jury believed such evidence that the defendant gave the repeated answers of "I know it," it reasonably could have found that the defendant had admitted shooting the victim as the victim drove away in his car. Therefore, we conclude that the trial court did not err in stating that there was evidence "tending to show" that the defendant had "admitted the facts relating to the crime charged in this case."

The defendant contends that his repeated answers of "I know it" to Officer Ballard's questions were ambiguous at best, and that the trial court's instructions failed to leave it for the jury to determine whether those answers in fact were admissions. We conclude that contrary to the assertions of the defendant, the jury was allowed to determine whether any admission actually was made by the defendant. The trial court's statement that there was evidence tending to show that the defendant had admitted the facts relating to the crime charged was followed immediately by the following instruction: "If you find that the defendant made that admission, then you should consider all the circumstances under which it was made in determining whether it was a truthful admission and the weight you will give to it." This instruction made it clear that even though there was evidence tending to show that the defendant had made an admission, it was solely for the jury to determine whether the defendant in fact had made any admission. *State v. Young*, 324 N.C. 489, 498, 380 S.E.2d 94, 99 (1989). The trial court's instructions in this regard were proper.

We hold that the defendant received a fair trial free of prejudicial error.

No error.