THE DURHAM HERALD CO., INC. v. COUNTY OF DURHAM; WILLIAM V. BELL; BECKY HURON; MARYANN BLACK; DEBORAH GILES; AND ELLEN RECKHOW

No. 30PA93

(Filed 8 October 1993)

**Public Officers and Employees § 57 (NCI4th); State § 1.2 (NCI3d) — applications for sheriff — Public Records Law inapplicable — no right of inspection by public**

Applications for the position of county sheriff sought by a board of county commissioners seeking to fill a vacancy in that office pursuant to N.C.G.S. § 162-3 are governed by N.C.G.S. § 153-98 (1991) rather than by the Public Records Law, N.C.G.S. Ch. 132, and under that statute the applications are not subject to disclosure to the public. Therefore, the trial court erred by granting plaintiff newspaper an injunction prohibiting a board of county commissioners from withholding access to the applications.

**Am Jur 2d, Constitutional Law § 504; Public Officers and Employees § 137; Sheriffs, Police, and Constables § 12.**

On discretionary review prior to determination by the Court of Appeals, pursuant to N.C.G.S. § 7A-31(b), of a preliminary injunction entered by Brannon, J., on 2 February 1993 against defendants Durham County and the individual members of the Durham County Board of Commissioners. Heard in the Supreme Court 15 April 1993.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by Robert E. Levin and George W. Miller, Jr., for plaintiff-appellant.*

*Thomas Russell Odom for defendant-appellees.*

EXUM, Chief Justice.

When Durham County Sheriff Roland Leary resigned effective 31 December 1992, the Durham County Board of Commissioners (Board) advertised the vacancy and solicited applications from persons interested in filling it. After the Board denied plaintiff access to the applications it had received, plaintiff, contending the applications were subject to disclosure under the Public Records Law, Chapter 132 of the General Statutes, brought this action seeking

DURHAM HERALD CO. v. COUNTY OF DURHAM

[334 N.C. 677 (1993)]

to enjoin the Board from withholding access to the applications. Judge Brannon, after hearing, granted the injunction. Defendants appealed to the Court of Appeals. We allowed plaintiff's petition to review Judge Brannon's order prior to determination by the Court of Appeals. We also allowed defendants' petition for writ of supersedeas staying the trial court's order pending determination of the appeal. Concluding that the applications in question are governed by the provisions of N.C.G.S. § 153A-98 (1991) rather than the Public Records Law and, under that statute, are not subject to disclosure to the public, we reverse the trial court's order.

This case is governed by our decision in *Elkin Tribune v. Yadkin County Board of Commissioners*, 331 N.C. 734, 417 S.E.2d 465 (1992). In that case, the Yadkin County Board of Commissioners had instructed the interim Yadkin County Manager to take applications for the position of county manager. *The Elkin Tribune* requested access to the applications on the ground that they were public records as defined by the Pubic Records Law. The trial court granted judgment in favor of the *Tribune*. Upon review, we held that the county manager applications were "personnel files of . . . applicants for employment maintained by a county" as those terms are used in section 153A-98[1] and governed by that statute rather than the Public Records Law. We also held that since section 153A-98 did not provide for disclosure of "the files of applicants for positions with counties[,] [i]t was error for the court to order the release of the applications for the position of County Manager." *Id.* at 737, 417 S.E.2d at 466-67.

Since here the applications for sheriff solicited and obtained by Durham County are likewise applications for a position with

---

1. This section reads in pertinent part as follows:

§ 153A-98. **Privacy of employee personnel records.**

(a) Notwithstanding the provisions of G.S. 132-6 or any other general law or local act concerning access to public records, personnel files of employees, former employees, or applicants for employment maintained by a county are subject to inspection and may be disclosed only as provided by this section. For purposes of this section, an employee's personnel file consists of any information in any form gathered by the county with respect to that employee and, by way of illustration but not limitation, relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment. As used in this section, "employee" includes former employees of the county.

DURHAM HERALD CO. v. COUNTY OF DURHAM

[334 N.C. 677 (1993)]

the county, they, like the applications in *Elkin Tribune*, are not subject to disclosure.

Plaintiff contends *Elkin Tribune* is distinguishable because the county sheriff, unlike a county manager, is not an "employee" of the county; section 153A-98 governs only the personnel records of "employees" and "applicants for employment"; therefore it does not govern applications received by the Board for the position of sheriff. Plaintiff's argument that the sheriff is not an employee rests on the propositions, first, that the sheriff occupies a constitutionally created office and is an elected public official[2] whose work is not directed or controlled by the Board, and second, the sheriff is "elected" rather than "hired" by the Board.[3]

We are not persuaded by this argument. While there are certainly differences between the office of sheriff and the position of county manager, which would be material in other contexts, the application of section 153A-98 does not turn on such distinctions. The clear purpose of this statute is to provide some confidentiality to those who apply to county boards or their agents for positions which those boards and their agents are authorized to fill. It is in this sense that the statute uses the terms "applicants for employment" and makes the personnel files of such applicants subject to its provisions. An "applicant" holds no position with the county whether as an "employee" in the strict sense of the term or as an elected public official such as the sheriff. He, or she, is merely an applicant for such positions. It is as applicants that the statute seeks to afford them and their applications some measure of confidentiality.

The protection from public disclosure which section 153A-98 affords applicants and applications for positions with counties comports with similar protection provided in the State Personnel Act, Chapter 126 of the General Statutes, for "all State employees not herein exempt," N.C.G.S. § 126-5(a)(1) (1991), and a number of

---

2. See N.C. Const., Art. VII, § 2.

3. N.C.G.S. § 162-3 (1987) provides:

    Every Sheriff may vacate his office by resigning the same to the board of county commissioners of his county; and thereupon the board may proceed to elect another Sheriff.

local employees.[4] Section 126-22 of the State Personnel Act provides:

> Personnel files of State employees, former State employees, or applicants for State employment shall not be subject to inspection and examination as authorized by G.S. § 132-6.

N.C.G.S. § 126-22 (1991). This provision of the State Personnel Act, contained in Article 7 of Chapter 126, applies to those who occupy constitutionally created positions and are elected officials. *See* N.C.G.S. § 126-5(c1) (1991), which provides in pertinent part:

> Except as to the provisions of Articles 6 and 7 of this Chapter, the provisions of this Chapter shall not apply to:
>
> (1) Constitutional officers of the State.
>
> (2) Officers and employees of the Judicial Department.
>
> (3) Officers and employees of the General Assembly.

N.C.G.S. § 143-318.11(8) (1990) provides that a "public body may hold an executive session and exclude the public . . . to consider qualifications . . . or conditions of initial employment . . . of a prospective public officer or employee."

The legislature, then, has clearly exempted from the Public Records Law personnel records of state officials, elected and otherwise, including applicants and applications for positions held by these officials and has provided for executive sessions for public bodies considering employing public officers or employees. We are confident, therefore, that the legislature intended section 153A-98 to apply to applicants and applications for the position of county sheriff sought by boards of county commissioners seeking to fill a vacancy in that office pursuant to N.C.G.S. § 162-3 and that our decision in *Elkin Tribune* controls this case.

---

4. The State Personnel Act also applies to:

> all employees of area mental health, mental retardation, substance abuse authorities, and to employees of local social services departments, public health departments, and local emergency management agencies that receive federal grant-in-aid funds; and the provision of this Chapter may apply to such other county employees as the several boards of county commissioners may from time to time determine.

N.C.G.S. § 126-5(a)(2) (1991).

IN RE STATE EX REL. UTIL. COMM. v. MOUNTAIN ELEC. COOPERATIVE

[334 N.C. 681 (1993)]

For the foregoing reasons, the order of the trial court granting access to the applications for the position of sheriff is

REVERSED.