STATE OF NORTH CAROLINA v. WILLIAM DAVID GRAY, DEFENDANT

No. COA99-201

(Filed 4 April 2000)

**1. Evidence— motion in limine—standing objection—no contemporaneous objection**

Defendant did not preserve for appellate review the admissibility of a prior conviction because he failed to object when the evidence was offered, despite the fact that the trial court granted a standing objection at the hearing on a motion in limine. The test enumerated in *State v. Hayes*, 130 N.C. App. 154, has been disavowed by our Supreme Court at 350 N.C. 79. In this case, how-

ever, the issue was addressed under the discretionary powers of the Court of Appeals.

## 2. Evidence— relevancy—homicide—impaired driving—prior conviction

The trial court did not err in a prosecution for impaired driving second-degree murder by admitting a prior conviction for violation of N.C.G.S. § 20-138.3, which makes it unlawful for a person under 21 to drive while consuming alcohol or while having alcohol in his body. A wide range of prior convictions has been held admissible to establish malice for impaired driving second-degree murder; although defendant here contends that the conviction was inadmissible because the offense imposes strict liability based upon age without regard to the quantity consumed, this conviction was relevant to establish a mind utterly without regard for human life and social duty.

## 3. Evidence— photographs—crash victims' automobile

The trial court did not err in an impaired driving second-degree murder prosecution by admitting photographs of the victims' vehicle. The court instructed the jury that the photographs were being admitted only for the purpose of illustrating the investigating trooper's testimony and, while blood is visible, the photographs are not gruesome, horrifying, or revolting.

## 4. Homicide— second-degree murder—impaired driving—malice—sufficiency of evidence

There was sufficient evidence of malice in an impaired driving second-degree murder prosecution where defendant's blood alcohol level was .113 three hours after the accident, the collision occurred in the victim's lane of travel, and charges of driving while impaired and driving while license revoked were pending against defendant at the time of the accident.

Appeal by defendant from judgment entered 21 October 1998 by Judge Russell J. Lanier, Jr. in Duplin County Superior Court. Heard in the Court of Appeals 11 January 2000.

*Michael F. Easley, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, for the State.*

*Johnson & Parsons, P.A., by W. Douglas Parsons and David H. Hobson, for defendant-appellant.*

EDMUNDS, Judge.

Defendant appeals his conviction of second-degree murder. We find no error.

On 11 November 1997, at approximately 8:00 p.m., defendant William David Gray was driving a Ford Mustang northbound on a highway near Roseboro, North Carolina. His girlfriend, Donna Johnson, was in the front passenger seat. Defendant crossed the center line and struck head on a Dodge Duster driven by Ricky Lee Ray, Jr. Ray's sister, sixteen year-old Karen Lynn Ray, was in the front passenger seat. Rescue personnel arrived at the scene shortly after the accident to find Ricky and Karen Ray pinned inside their vehicle. All four of those involved in the accident were transported to the hospital. Karen Ray died at approximately 8:40 p.m. due to closed head trauma with multiple fractures of the skull.

Defendant was interviewed at the hospital by a North Carolina Highway Patrol trooper. Defendant admitted driving the vehicle and having consumed beer before driving. The trooper "noticed a strong odor of alcoholic beverage about his person." Defendant was then charged with driving while impaired. After being read his rights, defendant consented to a blood test. The test, taken at 11:22 p.m., showed defendant's blood alcohol level to be 0.113. Thereafter, defendant was indicted and convicted of driving while impaired and second-degree murder. The trial court arrested judgment on the driving while impaired conviction and imposed a mitigated sentence of 94 to 122 months. Defendant appeals.

I.

Defendant first challenges the trial court's admission into evidence a prior conviction of N.C. Gen. Stat. § 20-138.3 (1999), which makes it unlawful "for a person less than 21 years old to drive a motor vehicle on a highway or public vehicular area while consuming alcohol or at any time while he has remaining in his body any alcohol or controlled substance previously consumed . . . ." The State filed a motion *in limine* seeking a pretrial ruling on admissibility of evidence of this prior conviction, contending that the conviction was evidence of malice. Defendant responded with a motion *in limine* seeking a pretrial ruling to exclude the evidence. The trial court entered an order finding that malice was an essential element of second-degree murder. After concluding that the probative value of the evidence exceeded its prejudicial effect pursuant to N.C. Gen.

Stat. § 8C-1, Rule 403 (1999), the court held that evidence of the prior conviction was admissible.

**[1]** We note at the outset that, after the trial court ruled on the motions *in limine*, defendant sought a standing objection to the evidence pursuant to *State v. Hayes*, 130 N.C. App. 154, 502 S.E.2d 853 (1998). The court granted defendant's motion, and, as a result, no contemporaneous objection was made when the evidence was tendered. The four-part test enumerated in *Hayes* has since been disavowed by our Supreme Court. *See State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (restating the long-standing rule that "[r]ulings on motions *in limine* are preliminary in nature and subject to change at trial, . . . and 'thus an objection to an order granting or denying the motion "is insufficient to preserve for appeal the question of the admissibility of the evidence" ' "). Based on the established law of this State, because defendant failed to object to the admission of the evidence at the time it was offered, he has failed to preserve this issue for our review. *See Nunnery v. Baucom*, 135 N.C. App. 556, 521 S.E.2d 479 (1999). Nevertheless, we elect to employ our discretionary powers under N.C. R. App. P. 2 and address this issue.

**[2]** "Second-degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation." *State v. McBride*, 109 N.C. App. 64, 67, 425 S.E.2d 731, 733 (1993). North Carolina appellate courts recognize three kinds of malice:

> One connotes a positive concept of express hatred, ill-will or spite, sometimes called actual, express, or particular malice. Another kind of malice arises when an act which is inherently dangerous to human life is done so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief. Both [of] these kinds of malice would support a conviction of murder in the second degree. There is, however, a third kind of malice which is defined as nothing more than "that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification."

*State v. Reynolds*, 307 N.C. 184, 191, 297 S.E.2d 532, 536 (1982) (internal citations omitted). In the case at bar, where the charge of second-degree murder is based upon impaired driving, we focus on the second form of malice. *See State v. Grice*, 131 N.C. App. 48, 505 S.E.2d 166 (1998), *disc. review denied*, 350 N.C. 102, 533 S.E.2d 473 (1999).

Rule 404(b) of the North Carolina Rules of Evidence permits the State to introduce evidence of other crimes, wrongs, or acts by a defendant to establish malice. N.C. Gen. Stat. § 8C-1, Rule 404(b) (1999); *see State v. Byers*, 105 N.C. App. 377, 413 S.E.2d 586 (1992). Our Supreme Court has held that " 'any act evidencing "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty and deliberately bent on mischief, . . ." is sufficient to supply the malice necessary for second degree murder.' " *State v. Snyder*, 311 N.C. 391, 394, 317 S.E.2d 394, 396 (1984) (quoting *State v. Wilkerson*, 295 N.C. 559, 581, 247 S.E.2d 905, 917 (1978)).

More specifically, North Carolina courts consistently have held that evidence of prior acts and convictions are admissible under Rule 404(b) as evidence of malice to support a second-degree murder charge. *See, e.g., State v. Rich*, 132 N.C. App. 440, 512 S.E.2d 441 (prior speeding offenses admissible to prove malice where impaired defendant charged with second-degree murder as a result of fatal automobile accident), *disc. review allowed*, 350 N.C. 847, —— S.E.2d —— (1999); *Grice*, 131 N.C. App. 48, 305 S.E.2d 166 (prior convictions of driving while impaired admissible in second-degree murder case where traffic accident caused by impaired defendant); *McBride*, 109 N.C. App. 64, 425 S.E.2d 731 (evidence of defendant driver's prior driving convictions and earlier false statement to vehicle inspector as to ownership of car admissible to show malice where impaired defendant charged with second-degree murder); *Byers*, 105 N.C. App. 377, 413 S.E.2d 586 (evidence that defendant's license was revoked relevant to show malice). As our Supreme Court has held:

> Rule 404(b) state[s] a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.

*State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990).

These cases establish that a wide range of prior convictions have been held admissible to establish malice in cases where an impaired driver causes a death and is charged with second-degree murder. Although defendant contends that evidence of the offense was inadmissible because the offense imposes strict liability based upon defendant's age without regard to the quantity consumed, we hold that defendant's prior alcohol-related conviction was relevant in this

case involving impaired driving to establish "a mind utterly without regard for human life and social duty." *Reynolds*, 307 N.C. at 191, 297 S.E.2d at 536. Therefore, defendant's conviction of an alcohol-related driving offense pursuant to N.C. Gen. Stat. § 20-138.3 was admissible for the purpose of establishing malice. This assignment of error is overruled.

## II.

[3] Defendant next contends the trial court erred in admitting into evidence photographs depicting the victims' vehicle. Defendant argues the impact of these photographs, which show blood in the interior of the vehicle, was improperly prejudicial.

The issue of the admissibility of photographic evidence has been long established in North Carolina. In *State v. Hennis*, our Supreme Court stated:

> Photographs are usually competent to explain or illustrate anything that is competent for a witness to describe in words and properly authenticated photographs of a homicide victim may be introduced into evidence under the trial court's instructions that their use is to be limited to illustrating the witness's testimony. Thus, photographs of the victim's body may be used to illustrate testimony as to the cause of death. Photographs may also be introduced in a murder trial to illustrate testimony regarding the manner of killing so as to prove circumstantially the elements of murder . . . and for this reason such evidence is not precluded by a defendant's stipulation as to the cause of death. Photographs of a homicide victim may be introduced even if they are gory, gruesome, horrible or revolting, so long as they are used for illustrative purposes and so long as their excessive or repetitious use is not aimed solely at arousing the passions of the jury.
>
> . . . .
>
> In general, the exclusion of evidence under the balancing test of Rule 403 of the North Carolina Rules of Evidence is within the trial court's sound discretion. Whether the use of photographic evidence is more probative than prejudicial and what constitutes an excessive number of photographs in the light of the illustrative value of each likewise lies within the discretion of the trial court. Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.

STATE v. GRAY

[137 N.C. App. 345 (2000)]

The test for excess is not formulaic: there is no bright line indicating at what point the number of crime scene or autopsy photographs becomes too great. The trial court's task is rather to examine both the content and the manner in which photographic evidence is used and to scrutinize the totality of circumstances composing that presentation. What a photograph depicts, its level of detail and scale, whether it is color or black and white, a slide or a print, where and how it is projected or presented, the scope and clarity of the testimony it accompanies—these are all factors the trial court must examine in determining the illustrative value of photographic evidence and in weighing its use by the state against its tendency to prejudice the jury.

323 N.C. 279, 283-85, 372 S.E.2d 523, 526-27 (1988) (internal citations omitted). Additionally, " '[t]his Court has rarely held the use of photographic evidence to be unfairly prejudicial . . . .' " *State v. Kyle*, 333 N.C. 687, 702, 430 S.E.2d 412, 420-21 (1993) (quoting *State v. Robinson*, 327 N.C. 346, 357, 395 S.E.2d 402, 409 (1990)).

The court instructed the jury that the photographs were being admitted only for the purpose of illustrating the investigating trooper's testimony. We have reviewed the challenged photographs and observed that the photos depict a damaged automobile. Although blood is visible in both photographs, and is prominent in one, the photographs are not gruesome, horrifying, or revolting. We perceive no unfair prejudice to defendant in the admission of these two photographs. This assignment of error is overruled.

III.

[4] Finally, defendant contends the trial court erred in denying his motion to dismiss the charge of second-degree murder at the conclusion of the evidence "because there was insufficient evidence to support a finding of malice." When ruling on a motion to dismiss for insufficiency of the evidence, "all of the evidence favorable to the State . . . must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom." *State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E.2d 822, 826 (1977) (citations omitted).

Although defendant contends the State failed to offer sufficient evidence of malice, the State's evidence showed that defendant's blood alcohol level was 0.113 three hours after the accident. *See State*

*v. Purdie*, 93 N.C. App. 269, 280, 377 S.E.2d 789, 795 (1989) (reviewing appeal from felony death by vehicle conviction and concluding that evidence that defendant's blood alcohol level was 0.181 "unquestionably demonstrated a willful violation of Section 20-138.1"). The collision occurred in the victim's lane of travel. At the time of the accident, charges of driving while impaired and driving while license revoked were pending against defendant. This evidence is sufficient to support the jury's finding of malice. This assignment of error is overruled.

No error.

Judges GREENE and LEWIS concur.