STATE OF NORTH CAROLINA
v.
TIMOTHY EARL BLACKWELL, Defendant.
No. COA03-793
North Carolina Court of Appeals.
Filed September 7, 2004.
This case not for publication
Durham County Nos. 97 CRS 6421, 97 CRS 6390, 97 CRS 6391.
Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, for the State.
Marilyn G. Ozer for the defendant-appellant.
WYNN, Judge.
Following multiple convictions stemming from driving while impaired and causing a tragic accident, Defendant Timothy Earl Blackwell appeals contending he is entitled to a new trial because the trial court (I) allowed the jury to consider inadmissible 404(b) evidence; (II) directed the jury to find malice and (III) provided the jury with an erroneous written jury instruction. Defendant also contends (IV) the trial judge should have recused himself; (V) the driving while license revoked charge was not supported by sufficient evidence; (VI) the trial court failed to correct the prosecutor's grossly improper questions, comments and arguments and (VII) a new trial is warranted because a juror wasimproperly excused for cause. We uphold Defendant's conviction and sentence; however, we grant defendant's motion for appropriate relief and remand for resentencing in accordance with this opinion.
The incident giving rise to Defendant's convictions arose on 27 February 1997 while he drove a red pickup truck on Guess Road in Durham, North Carolina. Two people observed Defendant "jump a curb," knock over several trash cans and "cut back" across Guess Road into the far left lane of oncoming traffic at approximately seventy to seventy-five miles per hour. Thereafter, witnesses observed him running a red light, swerving across several lanes, crossing left of center, forcing several cars off of the road, and striking a mailbox. Thereafter, Defendant's vehicle rolled into a ditch, backed up into the road, and crossed left of center. Defendant then accelerated, crossed left of center again, and side-swiped Sherry Dail's vehicle and collided with her husband's (Greg Dail) minivan. Sherry and Greg Dail's children were in the minivan, including their 4-1/2 year old daughter, Megan, who suffered severe injuries and died as a result of the collision.
The accident occurred at approximately 11:15 a.m. Defendant admitted that he had been drinking beer from approximately 9:00 a.m. until 10:30 a.m. and had consumed cocaine and heroin at 6:00 p.m. on the previous day. Several hypodermic needles were found in Defendant's truck after the accident. An analysis of Defendant's blood indicated an alcohol concentration of 0.13 grams of alcohol per one hundred milliliters of whole blood and his blood tested positive for cocaine metabolites and opiates. Defendant was indicted for first degree murder, four counts of assault with a deadly weapon inflicting serious injury, habitual impaired driving, driving while license revoked, driving left of center, possession of drug paraphernalia, and possession of an open container. Pursuant to a plea agreement, Defendant pled guilty to all charges with the exception of murder and the assaults. He was subsequently convicted of the remaining charges. On appeal, our Supreme Court held that Defendant could not be tried for first-degree murder and remanded his case for further proceedings. State v. Blackwell, 353 N.C. 259, 538 S.E.2d 929 (2000). On 28 October 2001, Defendant was retried and convicted of second-degree murder. For the traffic violations and misdemeanor convictions, Defendant received several consecutive sentences amounting to 710 days incarceration. For the felony convictions, the trial court sentenced Defendant to a minimum of 26 months and maximum of 32 months on felonious impaired driving; a minimum of 66 months and maximum of 89 months for assault with a deadly weapon; and a minimum of 353 months and a maximum of 461 months for second-degree murder. The trial court ordered that all sentences run consecutively.
On appeal, Defendant first challenges the admissibility of his prior convictions for various driving offenses pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b). Specifically, he contends the following evidence was erroneously admitted:
(1) Testimony from a Durham County court clerk that Defendant had prior convictions fordriving while license revoked, driving without insurance, expired registration, and having an unregistered vehicle;
(2) Testimony from a Granville County court clerk regarding an entry in a judgment book and court minutes indicating Defendant pled guilty to driving while under the influence of intoxicants and received a suspended sentence of six months to three years;
(3) Testimony from a Person County court clerk that Defendant was arrested in 1984 for `driving to an impaired substance' and received 30 days in jail.
We need not indulge in a protracted discussion of whether this testimony was inadmissible under State v. Wilkerson, 356 N.C. 418, 571 S.E.2d 583 (2002), because even if it was error to allow it, Defendant was not prejudiced since the State presented sufficient admissible other evidence from which the jury could infer malice. Specifically, the State presented the testimony of six law enforcement officers who testified regarding Defendant's DWI incidents between 1989 and 1997. The officers described Defendant's erratic driving, his intoxicated demeanor, blood-alcohol concentration and other physical evidence leading up to his convictions. This additional evidence of the circumstances surrounding other prior convictions elicited from the officers rendered any error harmless.
Defendant also contends the 1984 Person County DWI and the 1979 Granville County DWI convictions should have been deemed inadmissible under Rule 404(b) because temporal proximity was lacking.
"The admissibility of any evidence under Rule 404(b) is guidedby two constraintssimilarity and temporal proximity." State v. Goodman, 357 N.C. 43, 577 S.E.2d 619 (2003), adopting the dissent of 149 N.C. App. 57, 72, 560 S.E.2d 196, 206 (2002).
Rule 404(b) evidence is limited by a temporal proximity requirement because even though offenses may be similar, if they are distanced by significant stretches of time, commonalities become less striking, and the probative value of the analogy attaches less to the acts than to the character of the actor a purpose for which 404(b) evidence is excluded. Moreover, after the passage of time, the admission of other crimes . . . allows the jury to convict a defendant because of the kind of person he is, rather than because the evidence discloses beyond a reasonable doubt, that he committed the offense charged.
Id. As stated in Goodman, "driving convictions dating back sixteen years are admissible to prove malice, any conviction beyond sixteen years, however slight, runs afoul of the temporal proximity requirement of Rule 404(b)." Id. (indicating this Court is bound by the holding in State v. Miller, 142 N.C. App. 435, 440, 543 S.E.2d 201, 205 (2001)). As the 1984 Person County conviction occurred only 13 years before the crime at issue in this case, the trial court did not erroneously admit said conviction.
Defendant also challenges the admission of his 1979 Granville County DWI conviction because temporal proximity was lacking. Even assuming the admission of the 1979 conviction was error, such error would be harmless given the lengthy testimony from several law enforcement officers describing six driving while impaired episodes involving Defendant between 1989 and 1997. These prior convictions provided a sufficient basis upon which the jury could concludeDefendant acted with malice during the present offense. Thus, any error in admitting the alleged stale prior conviction was harmless.
Defendant next challenges the trial court's jury instruction regarding malice. Pursuant to the State's request, the trial court inserted a list of Defendant's prior crimes as evidence tending to show Defendant acted with malice. As the list of Defendant's prior crimes encompassed two and a half pages of transcript, Defendant contends the instruction was grossly prejudicial because it in effect directed the jury's verdict on malice in violation of N.C. Gen. Stat. § 15A-1232.
N.C. Gen. Stat. § 15A-1232 states that "in instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved and shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence."
The trial court instructed as follows:
I charge that for you to find the defendant guilty of second degree murder, the State must prove six things beyond a reasonable doubt.
. . .
Fifth, that the defendant acted unlawfully and with malice. "Malice" is a necessary element which distinguishes second degree murder from manslaughter. Malice arises when an act which is inherently dangerous to human life is intentionally done so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief.
Members of the Jury, evidence has been received tending to show that the defendant had knowledge of the impairing effects of drugs and alcohol on his driving abilitiesprior to February 27, 1997, and that his opportunity and intent to operate a motor vehicle while impaired on one or more impairing substances, and that the defendant acted with malice arising from the following . . .
Thereafter, the trial court listed eight prior driving while impaired offenses by giving the date of the prior offense, the date of conviction, the case number, the county in which it occurred, and in some instances, a brief description of the circumstances surrounding Defendant's arrest. Immediately after listing the prior offenses, the trial court instructed:
Members of the Jury, this evidence was received solely for the following purpose, that is, to show that the defendant acted with malice in the offenses for which he is charged with in these offenses. If you believe this evidence, then you may consider it, but only for the limited purpose for which it was received.
In State v. McKoy, 331 N.C. 731, 733, 417 S.E.2d 244, 246 (1992), our Supreme Court indicated "a trial court's use of the words `tends to show' in reviewing the evidence does not constitute an expression of opinion on the evidence." Moreover, the trial court further limited the instruction in this case by informing the jury it could consider the evidence of prior crimes only if it believed such evidence. Thus, the trial court neither impermissibly stated an opinion as to whether a fact had been proved nor directed the jury to find Defendant acted with malice. Accordingly, we conclude the trial court complied with the applicable statutory and case law.
Defendant also argues the trial court erroneously gave thejury written instructions containing the impermissible list of prior crimes. As we have concluded the trial court did not err in orally listing the prior crimes tending to show Defendant's malice, we also conclude the trial court did not err in giving written instructions containing the same list.
Defendant next argues the trial judge should have recused himself from this matter because of comments he gave to a newspaper reporter in 1997 prior to Defendant's first trial arising from the subject incident. Defendant moved for the trial judge's disqualification pursuant to N.C. Gen. Stat. § 15A-1223(b), which states:
A judge, on motion of the State or the defendant, must disqualify himself from presiding over a criminal trial or other criminal proceeding if he is:
(1) Prejudiced against the moving party or in favor of the adverse party; or
(2) Repealed;
(3) Closely related to the defendant by blood or marriage; or
(4) For any other reason unable to perform the duties required of him in an impartial manner.
"The burden is on the party moving for recusal to demonstrate objectively that grounds for disqualification actually exist. The moving party may carry this burden with a showing of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially or a showing that the circumstances are such that a reasonable person would question whether the judge could ruleimpartially." State v. Kennedy, 110 N.C. App. 302, 305, 429 S.E.2d 449, 451 (1993).
In this case, Defendant contends the following newspaper excerpt constituted grounds for disqualification:
Blackwell pleaded guilty in September last year of habitual drunken driving and possession of heroin. According to court documents, he could have been sentenced to as much as 59 months on the two felonies. He was given two months.
The 60 days in jail were part of a "split sentence" that included three years on probation.
Superior Court Judge Orlando Hudson, who approved the plea bargain and who, according to court documents, set the sentence, said Friday he didn't recall the case. Under the state's Structured Sentencing Act, Hudson wasn't required to impose any imprisonment.
"Some people you cannot stop, because people don't respect the criminal justice system or any kind of law," Hudson said. "Short of putting people in jail for a period of time, there's nothing the court system and the police can do."
Hudson has on other occasions sent habitual DWI defendants to prison for long sentences, he noted, such as the 35-year sentence he imposed in Greensboro once. And with the proverbial acuity of hindsight, many court decisions could be second-guessed, he said. Added to that is the public's ambivalence between wanting to keep inmates in prison longer and its reluctance to pay for prisons to hold them.
"I think it's everybody's fault," he said.
Troopers said the Blackwell's batch of February 1996 charges resolved in the September plea did not involve a traffic accident, and they weren't aware of any other wrecks Blackwell had caused. Paul Bonner, Driver charged with murder, The Herald-Sun, March 1, 1997, at A1. The trial judge's comments in this newspaper article neither evidenced any bias, prejudice or interest or created an appearance of a preconception involving the charges. Moreover, a reasonable person would not suspect the judge's impartiality was tainted. Accordingly, we conclude the trial judge did not erroneously refuse to recuse himself.
Next, Defendant challenges his driving while license revoked conviction arguing the State did not sufficiently prove he had knowledge that his license had been revoked. He also contends the trial court erroneously instructed the jury on this charge.
In reviewing the sufficiency of the evidence, we must determine "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Vick, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). The trial court's review of a motion to dismiss should only be concerned with the legal sufficiency of the evidence to support a verdict, not its weight, which is a matter for the jury. State v. Sokolowski, 351 N.C. 137, 143, 522 S.E.2d 65, 69 (1999). The evidence must be considered in the light most favorable to the State and the State must be given the benefit of every reasonable inference from that evidence. State v. Lucas, 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001). "If there is substantial evidencewhether direct, circumstantial, or bothto support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).
To convict a defendant under N.C. Gen. Stat. § 20-28(a) of driving while license revoked, the State has to prove (1) the defendant operated a motor vehicle (2) on a public highway (3) while his operator's license was suspended or revoked, and (4) that he had actual or constructive knowledge of the suspension or revocation. State v. Atwood, 290 N.C. 266, 271, 225 S.E.2d 543, 545 (1976). A rebuttable presumption that a defendant had knowledge that his license was revoked at the time charged arises "when, nothing else appearing [the State] has offered evidence of compliance with the notice requirements of G.S. 20-48 . . . ." State v. Chester, 30 N.C. App. 224, 227, 226 S.E.2d 524, 526 (1976); see also Atwood, 290 N.C. at 271, 225 S.E.2d at 545. As stated in Chester, in a prosecution for violation of G.S. 20-28(a) and the evidence for the State discloses that the Department complied with the notice requirements of G.S. 20-48: (1) where there is no evidence that defendant did not receive the notice mailed by the Department, it is not necessary for the trial court to charge on guilty knowledge; (2) where there is some evidence of failure of defendant to receive the notice or some other evidence sufficient to raise the issue, then the trial court must, in order to comply with G.S. 1-180 and apply the law to the evidence, instruct the jury that guilty knowledge by the defendant is necessary to convict; and (3) where all the evidence indicates thatdefendant had no knowledge of the suspension or revocation of license, a nonsuit should be granted.
Chester, 30 N.C. App. at 227-28, 226 S.E.2d at 526-27 (emphasis supplied).
In this case, the State argues Defendant was on notice that his license was revoked by three prior convictions which resulted in the permanent revocation of his license. The latest conviction occurred on 12 August 1996, approximately six months before the offense in this case. Three prior convictions, resulting from Defendant's guilty pleas, were presented to the jury(1) a 12 August 1996 consolidated judgment involving ten driving while license revoked charges; (2) a 6 February 1995 judgment for driving while license permanently revoked; and (3) a 22 February 1993 judgment for driving while license revoked.
Under N.C. Gen. Stat. 20-28(c),
a person whose license has been revoked under this section for one years may apply for a license after 90 days. A person whose license has been revoked under this section for two years may apply for a license after 12 months. A person whose license has been revoked permanently may apply for a license after three years.
Thus, the evidence shows that at the time of the present incident, Defendant was on notice that his license had been revoked. Indeed, Defendant pled guilty to and was convicted of driving while license permanently revoked on 6 February 1995 which precluded Defendant from applying for a license until 6 February 1998, three years later. Although the preferred method for proving a defendant's knowledge of license suspension or revocation is by showing the required notice under N.C. Gen. Stat. § 20-48 was given, under the unique facts of this case, we conclude Defendant's guilty plea to driving while license permanently revoked in 1996 evidences Defendant's knowledge that his license was revoked at the time of the present offense. Accordingly, we conclude sufficient evidence supports the driving while license revoked charge. It is therefore unnecessary to address Defendant's arguments related to the jury instruction related to this charge as he only challenges the inclusion of the prior driving while license revoked convictions in the instruction.
Defendant next contends the trial court erroneously allowed the prosecutor to make grossly improper statements during closing argument in violation of his state and federal constitutional rights. He also contends the State asked a witness a grossly improper and groundless question. As Defendant did not object to these alleged errors, he asserts the prosecutor's conduct constituted plain error warranting a new trial. However, "our Supreme Court has specified that plain error review is limited only to jury instructions and evidentiary rulings." State v. Cummings, 346 N.C. 291, 313-14, 488 S.E.2d 550, 563 (1997), cert. denied, 522 U.S. 1092, 139 L. Ed. 2d 873, 118 S. Ct. 886 (1998). Thus, we will review the witness questioning only for plain error.
Defendant challenges the following testimony:
Q: At this point, did you know whether she even had a head?
A: No, I did not although I was not told thatthis was a decapitated patient so I presumed that she did.
Q: But based on this film you're not able to say that?
A: No, we would not be able to say that. That's correct.
"In our review of the record for plain error, a defendant is entitled to a new trial only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." State v. Walters, 357 N.C. 68, 85, 588 S.E.2d 344, 354 (2003).
Even assuming the prosecutor's questions constituted plain error, the error was not so fundamental that absent the error the jury probably would have reached a different result. Indeed, the record reveals other evidence establishing Megan Dail's death and Defendant's reckless driving, blood-alcohol concentration, and prior DWI convictions. From this evidence, the jury could conclude that Defendant committed second-degree murder beyond a reasonable doubt.
Defendant next contends a juror was improperly excused for cause, and therefore, a new trial is warranted. Under N.C. Gen. Stat. § 15A-1212, "a challenge for cause to an individual juror may be made by any party on the ground that the juror . . . is incapable by reason or mental or physical infirmity of rendering jury service." "Challenges for cause in jury selection are matters in the discretion of the court and are not reviewable on appeal except for abuse of discretion." State v. Kennedy, 320 N.C. 20, 28, 357 S.E.2d 359, 364 (1987). In this case, the juror described herself as "slow." She explained that "Well, you can explain something to me. And if you don't go into lengthy detail, I'm slow to catch up with what you're speaking about." She indicated that if someone gives her detailed instructions, she might have a problem. However, if the person explained words, terms and concepts she did not understand, she felt she would not have a problem serving as a juror. She also testified that she took time off from high school in 1967 after having her first son. She later continued her education and graduated in 1989. Based upon the potential juror's voir dire responses, we conclude the trial court did not abuse its discretion in excusing her for cause.
Finally, Defendant has filed a motion for appropriate relief contending the trial court's imposition of a sentence in the aggravated range was done in violation of the Sixth Amendment to the United States Constitution as interpreted by Blakely v. Washington, ___ U.S. ___, 159 L.Ed.2d 403 (2004).
In Blakely, the U.S. Supreme Court held that a trial court alone may not impose a sentence in excess of the "statutory maximum," unless either a jury's verdict finds that additional facts, or aggravating circumstances, warrant an increased sentence, or the defendant has waived his Sixth Amendment right to trial by jury. . . . The "statutory maximum" for an offense is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." The relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.
State v. Allen, ____ N.C. App. _____, _____ S.E.2d ____(2004)(COA03-1369).
The trial court determined one aggravating factor was applicable in this case"the defendant committed the offense while on pretrial release on another charge." After determining the aggravating factor outweighed any mitigating factors, Defendant received consecutive aggravated sentences of a minimum of 353 and a maximum of 461 months for second degree murder, 26 to 32 months for habitual impaired driving and 66 to 89 months for assault with a deadly weapon inflicting serious injury.[1] As the jury did not decide the aggravating factor considered by the trial court, Defendant's Sixth Amendment right to a trial by jury was violated. See Blakely, ___ U.S. at ___, 159 L. Ed. 2d at 412.
Nonetheless, the State argues that under a harmless error or plain error analysis, Defendant's sentences should be upheld. However, as explained in State v. Allen, "our Supreme Court has definitively stated that when the trial judge has erred in a finding or findings in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing." Allen, ____ N.C. App. at ____, ___ S.E.2d at ____. Accordingly, we grant Defendant's motion for appropriate relief and remand this case to the trial court for resentencing consistent with the holding in Blakely.
In sum, the admission of Defendant's 1979 driving while impaired conviction constituted non-prejudicial error. Furthermore, under the facts of this case, we conclude sufficient evidence supported the driving while license revoked charge. We also conclude Defendant's remaining arguments regarding the trial of this matter are without merit. However, we conclude Defendant's sentences violate the Sixth Amendment to the United States Constitution as interpreted by Blakely v. Washington.
No prejudicial error in trial; remanded for resentencing.
Judge HUNTER concurs.
Judge TYSON concurs in the result in separate opinion.
Report per Rule 30(e).
TYSON, Judge concurring in the result only.
The majority's opinion does not address whether the admission of defendant's prior DWI convictions into evidence was error. The majority's opinion assumes for the sake of argument the trial court erred by admitting this evidence, but holds the error to be harmless or non-prejudicial because "additional evidence of the circumstances surrounding other prior convictions elicited from the officer rendered any error harmless." Proceeding to a prejudicial error analysis assumes error occurred. No error occurred in defendant's trial or sentence. I vote to sustain defendant's conviction.

I. Rule 404(b) Evidence
Rule 404(b) of the North Carolina Rules of Evidence provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). "[T]his `list of permissible purposes for admission of "other crimes" is notexclusive, and such evidence is admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime.'" State v. Rich, 351 N.C. 386, 399-400, 527 S.E.2d 299, 306, aff'd, 351 N.C. 386, 527 S.E.2d 299 (2000) (emphasis supplied) (citing State v. Hipps, 348 N.C. 377, 404, 501 S.E.2d 625, 641 (1998), cert. denied, 525 U.S. 1180, 143 L. Ed. 2d 114 (1999)) (quoting State v. White, 340 N.C. 264, 284, 457 S.E.2d 841, 852-53, cert. denied, 516 U.S. 994, 133 L. Ed. 2d 436 (1995)). Rule 404(b) is "a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant . . . ." State v. Coffey, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990).

II. Admission of Prior Convictions
Citing State v. Wilkerson, the majority's opinion presumes without holding that the admission of defendant's prior convictions to show malice was error. The majority's opinion states, "even if it was error to allow it, Defendant was not prejudiced since the State presented sufficient other evidence from which the jury could infer malice."
The Supreme Court's per curiam opinion in State v. Wilkerson did not adopt a per se or categorical rule that a defendant's plea of guilty to or conviction of "other crimes, wrongs, or acts" can not be admitted. 356 N.C. 418, 571 S.E.2d 583 (per curiam) (adopting dissent of Wynn, J., 148 N.C. App. 310, 318, 559 S.E.2d 5, 10 (2002)). Defendant's admission, guilty plea, or conviction is no longer a "bare fact" but, as here, corroborates other underlying evidence of "other crimes, wrongs, or acts" allowed byRule 404(b).
Underlying evidence includes not only the testimony of other witnesses to defendant's crimes or bad acts, but also whether defendant admitted, pleaded guilty to, or was convicted of "other crimes, wrongs, or acts." This evidence is relevant and admissible under Rule 404(b) if not unduly prejudicial or subject to other exclusion under Rule 403. N.C. Gen. Stat. § 8C-1, Rule 404(b); N.C. Gen. Stat. § 8C-1, Rule 403 (2003).
The State's tender of Rule 404(b) evidence remains subject to the balancing test required by Rule 403. The trial court must apply the balancing test if the underlying evidence of prior crimes is tendered by the State to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b); see also N.C. Gen. Stat. § 8C-1, Rule 403. The evidence must be excluded if solely admitted to "prove the character of a person in order to show that he acted in conformity therewith," is unduly prejudicial, or if temporal proximity is lacking. N.C. Gen. Stat. § 8C-1, Rule 404(b); N.C. Gen. Stat. § 8C-1, Rule 403. The trial court must instruct the jury that this evidence is admitted only for the purposes allowed under Rule 404(b) and cannot be considered to prove the defendant committed the crimes at issue. N.C.P.I. Crim. 104-15 (2003).
Our Supreme Court and this Court have long and repeatedly held that "evidence of prior convictions is admissible under Rule 404(b) to show the malice necessary to support a second-degree murderconviction." Rich, 132 N.C. App. at 450, 512 S.E.2d at 448; see also State v. Goodman, 357 N.C. 43, 577 S.E.2d 619 (2003) (per curiam) (adopting dissent of Greene, J., 149 N.C. App. 57, 72, 560 S.E.2d 196, 206 (2002); Wilkerson, 356 N.C. 418, 571 S.E.2d 583; State v. Miller, 142 N.C. App. 435, 439-40, 543 S.E.2d 201, 204-05 (2001) ("evidence of prior traffic convictions was offered for the permissible purpose of establishing the defendant's `totally depraved mind' and `recklessness of the consequences. . . .'" (emphasis supplied)); State v. Fuller, 138 N.C. App. 481, 485-86, 531 S.E.2d 861, 865, disc. rev. denied, 353 N.C. 271, 546 S.E.2d 120 (2000) ("evidence of prior convictions is admissible under Rule 404(b) to establish the malice necessary to support a second-degree murder conviction" (emphasis supplied)); State v. McAllister, 138 N.C. App. 252, 257-59, 530 S.E.2d 859, 863-64, appeal dismissed, 352 N.C. 681, 545 S.E.2d 724 (2000) ("prior convictions for driving while impaired which were over ten years old have been held admissible to show malice" (emphasis supplied)); State v. Gray, 137 N.C. App. 345, 349, 528 S.E.2d 46, 49 (2000) ("North Carolina courts consistently have held that evidence of prior acts and convictions are admissible under Rule 404(b) as evidence of malice to support a second-degree murder charge" (emphasis supplied)); State v. Grice, 131 N.C. App. 48, 53, 505 S.E.2d 166, 169-70 (1998), disc. rev. denied, 350 N.C. 102, 533 S.E.2d 473 (1999) ("prior conduct such as prior convictions and prior bad acts will be admissible under Rule 404(b) of the North Carolina Rules of Evidence as evidence of malice to support a second-degree murdercharge" (emphasis supplied)); State v. McBride, 109 N.C. App. 64, 69, 425 S.E.2d 731, 734 (1993) ("prior conduct such as prior convictions and prior bad acts will be admissible under Rule 404(b) of the North Carolina Rules of Evidence as evidence of malice to support a second-degree murder charge" (emphasis supplied)).
In Rich, our Supreme Court affirmed this Court's holding that the trial court did not err in admitting the defendant's prior traffic convictions, which included driving 75 miles per hour in a 45 miles per hour zone, 76 miles per hour in a 45 miles per hour zone, 70 miles per hour in a 35 miles per hour zone, and 70 miles per hour in a 55 miles per hour zone to show malice. 351 N.C. at 400, 527 S.E.2d at 306-07. The Court held:
The State was not seeking to prove that defendant was speeding at the time of the collision. Rather, by introducing defendant's prior speeding convictions, the State offered additional evidence which tended to show defendant's "totally depraved mind" and "recklessness of the consequences." Because the State offered the evidence to show that defendant knew and acted with a total disregard of the consequences, which is relevant to show malice, the provisions of Rule 404(b) were not violated.
Id. at 400, 527 S.E.2d at 307 (emphasis supplied).
Further, the Supreme Court's per curiam opinion in Wilkerson expressly states, "the fact of a defendant's prior conviction, except in cases where our courts have recognized a categorical exception to the general rule (e.g. admitting prior sexual offenses in select sexual offense cases, and admitting prior traffic-related convictions to prove malice in second-degree murder cases), violates rule 404(b) . . . ." Wilkerson, 356 N.C. 418, 571 S.E.2d 583 (emphasis supplied). This language clearly shows that a defendant's prior convictions are part of the facts and underlying evidence of the convictions and are properly admitted under Rule 404(b) to show the malice necessary to support second-degree murder subject to the balancing test of Rule 403. Here, defendant's prior convictions were admitted as 404(b) evidence solely to show malice to support defendant's conviction for second-degree murder. The facts at bar fit squarely within the "categorical exception to the general rule" as stated by Wilkerson and followed by the numerous cases cited above. No error, harmless or otherwise, occurred.
The State introduced other underlying evidence through the testimony of six law enforcement officers of defendant's numerous DWI convictions between 1989 and 1997, in addition to defendant's driving record of prior convictions. The majority's opinion correctly states these officers described defendant's "erratic driving, his intoxicated demeanor, blood-alcohol concentration and other physical evidence leading up to his convictions." The State presented far more evidence than the judgment or "bare fact" of defendant's prior convictions for DWI. This evidence clearly clothes the "bare fact" of the record of defendant's previous convictions. The State properly presented detailed evidence of defendant's multiple prior convictions to support the element of malice for the charge of second-degree murder and the trial court properly instructed the jury not to consider this evidence to show defendant's propensity to commit the crimes at bar or that defendant was intoxicated at the time of the acts at issue. The majority's opinion does not discuss or reconcile its presumption of error with Wilkerson, Rich, or the numerous precedents cited above that allow prior conviction evidence to be admitted under Rule 404(b). Wilkerson expressly recognizes admission of prior convictions to show malice under Rule 404(b). Wilkerson reinforces the trial court's decision to properly admit defendant's prior convictions under Rule 404(b).
Further, North Carolina's Rule 404(b) precedents are not anomalies in allowing prior convictions into evidence to prove one or more of the purposes set out in Rule 404(b), such as malice, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident. See Jeffries v. State, 90 P.3d 185, 187 (2004) (allowing into evidence defendant's prior DWI convictions to prove "extreme indifference to the value of human life" to support the second-degree murder charge); Pickens v. State, 69 S.W.3d 10, 13 (Ark., 2002) (allowing defendant's prior conviction into evidence to show motive under Rule 404(b)); United States v. Tan, 254 F.3d 1204, 1210-11 (10th Cir. 2001) (concluding "that prior drunk driving convictions offered to prove the malice component of a second-degree murder charge resulting from an alcohol related vehicular homicide are offered for a proper purpose under Rule 404(b)"); People v. Crawford, 582 N.W.2d. 785, 790 (Mich., 1998) (holding that a defendant's prior convictions are allowed under Rule 404(b) for purposes other than showing propensity); State v. Lillard, 1997 Tenn. Crim. App. LEXIS 123, 8-9 (Tenn. Crim. App. 1997) (allowing defendant's prior conviction into evidence to show intent under Rule 404(b)); Snowden v. State, 677 A.2d 33, 39-40 (Del., 1996) (holding that "the admission of the prior conviction was relevant to show the absence of accident" under Rule 404(b)); United States v. Francisco, 35 F.3d 116, 118-19 (4th Cir. 1994), cert. denied, 513 U.S. 1133, 130 L. Ed. 2d 893 (1995) (holding "that the evidence of [defendant's] prior conviction was properly admitted" under Rule 404(b)); State v. Grant, 620 N.E.2d 50, 60-61 (Ohio, 1993), cert. denied, 513 U.S. 836, 130 L. Ed. 2d 62 (1994) (allowing defendant's prior convictions into evidence to show a common plan or scheme under Rule 404(b)); State v. O'Neil, 848 P.2d 694, 700-01 (Utah App., 1993), cert. denied, 859 P.2d 585 (1993) (holding "the defendant's prior convictions and their surrounding circumstances are probative of the knowledge, intent, plan and scheme" under Rule 404(b)); State v. Suttle, 812 P.2d 119, 123 (Wash. App., 1991) (holding that defendant's prior convictions were "relevant to show motive and identity"); State v. Kinney, 750 P.2d 436, 438-39 (Mont., 1988) (allowing defendant's prior DWI convictions to show knowledge under Rule 404(b)); United States v. Smith Grading and Paving, Inc., 760 F.2d 527, 531 (4th Cir. 1985), cert. denied, 474 U.S. 1005, 88 L. Ed. 2d 457 (1985) (allowing evidence of defendant's prior bid rigging convictions into evidence to show knowledge under Rule 404(b)); State v. Whitney, 484 A.2d 1158, 1160 (N.H., 1984) (allowing defendant's prior convictions into evidence to show motive); United States v. Naylor, 705 F.2d 110, 111-12 (4th Cir. 1983) (allowing defendant's prior convictions to showknowledge under Rule 404(b)).
Interpreting Wilkerson to show error in the admission of defendant's prior convictions, and to prohibit this evidence of "other crimes, wrongs, or acts" from being introduced under Rule 404(b) would drastically change the settled law of this State. Goodman, 149 N.C. App. at 69-70, 560 S.E.2d at 204-05; Wilkerson, 356 N.C. 418, 517 S.E.2d 583, (per curiam) (adopting dissent of Wynn, J., 148 N.C. App. 310, 327-28, 559 S.E.2d 5, 16 (2002)); Fuller, 138 N.C. App. at 485-86, 531 S.E.2d at 865; Miller, 142 N.C. App. at 439-40, 543 S.E.2d at 204-05; McAllister, 138 N.C. App. at 257-59, 530 S.E.2d at 863-64; Gray, 137 N.C. App. at 349, 528 S.E.2d at 49; Rich, 132 N.C. App. at 450, 512 S.E.2d at 448; Grice, 131 N.C. App. at 53, 505 S.E.2d at 169-70; McBride, 109 N.C. App. at 69, 425 S.E.2d at 734; see also N.C. Gen. Stat. § 8C-1, Rule 404(b).
Evidence of defendant's prior "crimes, wrongs, or acts" far exceeded the "bare fact" of the judgment of his convictions and supports the element of malice for second-degree murder.

III. Conclusion
The trial court did not err in admitting defendant's prior DWI and other convictions of "crimes, wrongs, or acts" under Rule 404(b). These convictions supported the element of malice and were properly limited to that purpose by the trial court's instructions to the jury. The majority opinion's holding of no prejudicial error presumes error in the admission of defendant's prior convictions, and is contrary to the settled law of this State andnumerous other jurisdictions that have addressed this issue. I conclude that no error occurred at defendant's trial and concur to uphold defendant's judgment and sentence.
NOTES
[1] Defendant also received several consecutive sentences for several misdemeanor convictions that are not affected by Blakely.