STATE OF NORTH CAROLINA v. TIMOTHY EARL BLACKWELL

No. COA98-1284-2

(Filed 6 March 2001)

**Homicide— felony murder—assault with a deadly weapon inflicting serious injury—felonious impaired driving**

A defendant's conviction for first-degree murder must be vacated based on the State's reliance on four different charges of assault with a deadly weapon inflicting serious injury and felonious impaired driving to support its felony murder charge because such crimes are not felonies delineated or described in the murder statute, and thus they cannot support a conviction of first-degree murder under the felony murder rule. However, the record contains ample evidence to support a charge of the lesser-included offense of second-degree murder under N.C.G.S. § 15A-1447(c), and defendant may be tried on remand for second-degree murder.

On remand from the Supreme Court of North Carolina in accordance with their opinion 353 N.C. 259, 538 S.E.2d 929 (2000). Previously heard by this Court on 25 August 1999, 135 N.C. App. 729, 522 S.E.2d 313 (1999), on appeal by defendant from judgment entered 17 April 1998 by Judge Orlando F. Hudson in Durham County Superior Court. The issues on remand are those as directed by our Supreme Court in its opinion filed 21 December 2000, 353 N.C. 259, 538 S.E.2d 929 (2000), to amend our previously filed opinion in light of *State v. Jones*, 353 N.C. 159, 538 S.E.2d 917 (2000).

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, and Assistant Attorney General Jonathan P. Babb, for the State.*

*Public Defender Robert Brown, Jr. and Assistant Public Defender Shannon A. Tucker, for defendant-appellant.*

GREENE, Judge.

In the previously filed opinion of this Court on 7 December 1999, we held Defendant was entitled to a new trial on his first-degree murder conviction because "the violated plea agreement" in the felonious impaired driving charge was "introduced as substantive evidence" at Defendant's murder trial and this evidence "became the backbone of the State's theory of prosecution." *State v. Blackwell*, 135 N.C. App.

729, 733, 522 S.E.2d 313, 316 (1999). *State v. Jones*, 353 N.C. 159, 538 S.E.2d 917 (2000), now provides an additional reason to vacate Defendant's murder conviction. A defendant "may not be subject to a potential death sentence absent a showing of actual intent to commit one or more of the underlying felonies delineated or described in our state's murder statute." *Jones*, 353 N.C. at 163, 538 S.E.2d at 922. Neither assault with a deadly weapon inflicting serious injury (AWDWISI) nor felonious impaired driving are felonies delineated or described in the murder statute and, thus, these crimes cannot support a first-degree murder conviction. *See id.* at 167-68, 538 S.E.2d at 924-25. In this case, the State relied on four different charges of AWDWISI and felonious impaired driving to support its felony murder charge and for this additional reason that conviction must be vacated.

On remand, Defendant cannot be retried for first-degree murder; however, because the record contains ample evidence to support a charge of the lesser-included offense of second-degree murder, Defendant may be tried on remand for second-degree murder. *See* N.C.G.S. § 15A-1447(c) (1999). Additionally, if the trial court orders specific performance of the plea arrangement on the felonious impaired driving, Defendant may be tried on the AWDWISI charges. If the trial court rescinds the plea arrangement, the Defendant may be tried on the felonious impaired driving and AWDWISI charges. Whether the trial court orders specific performance or rescinds the plea arrangement, evidence of felonious impaired driving could be used to demonstrate Defendant had the requisite state of malice (under Rule 404(b) of the North Carolina Rules of Evidence) as required for second-degree murder. *Id.* at 173, 538 S.E.2d at 928.

Vacated and remanded.

Judges WALKER and HUNTER concur.